JOHN DI LUSTRO, *Petitioner*, vs. MOSES H. PENTON, as Sheriff of Escambia County, Florida, *Respondent.*

142 So. 898.

En Banc.

Opinion filed May 14, 1932.

*Philip D. Beal* and *Wm. McChesney,* for Petitioner; *Jennings & Watts* and *Olin E. Watts,* for Respondent.

BARNS, Circuit Judge.—The petitioner is held by the respondent upon an information charging him as follows:

FIRST COUNT: * * * Did then and there unlawfully engage in the practice of barbering without first having obtained a certificate of registration as a registered barber issued pursuant to the provisions of of Chapter 14650 of the Laws of Florida of 1931 by the Board of Barber Examiners, said board established by said act.

SECOND COUNT: * * * Did then and there unlawfully hire and employ a certain person, to-wit: to engage in the practice of barbering, the said........not then and there having and holding a valid unexpired and unrevoked certificate of registration to practice barbering and the said........not then and there having and holding a valid unexpired and unrevoked certificate of registration as a registered apprentice nor a permit to practice as a journeyman nor a permit to work as an apprentice under the provisions of Chapter 14650 of the Laws of Florida of 1931.

THIRD COUNT: * * * Did then and there use on a patron certain barber tools, to-wit: razors, scissors, tweezers, combs, rubber discs and parts of vibrators, which said barber tools had been used on another patron, which said tools were not then and there kept in a closed compartment and were not then and there immersed in boiling water nor in a solution of two per cent. carbolic acid nor its equivalent before each such use.

The petitioner is charged with the violation of Chapter 14650 of the Acts of 1931, the pertinent portions of which are as follows:

SECTION 1. It shall be unlawful for any person to engage in the practice or attempt to practice barbering without a certificate of registration as a registered barber issued pursuant to the provisions of this Act by the Board of Barber Examiners hereinafter established.

* * * It shall be unlawful for any person, firm or corporation, to hire or employ any person to engage in the practice of barbering as hereinafter defined, unless such person then holds a valid, unexpired and unrevoked certificate of registration to practice barbering or a certificate of registration as a registered apprentice,

or a permit to practice as a journeyman barber; or a permit to work as an apprentice, issued under the provisions of this Act.

SECTION 23. Sub-section (i) (It shall be unlawful) To use on patron any razors, scissors, tweezers, combs, rubber discs or parts of vibrators used on another patron, unless the same be kept in a closed compartment and immersed in boiling water or in a solution of two per cent. carbolic acid, or its equivalent, before each such use.

Section 2 of the Act defines barbering as those who shall engage in certain practices directly or indirectly or without payment for the public generally as follows:

## "BARBERING DEFINED

Section 2. Any one or any combination of the following practices (when not done for the treatment of disease or physical or mental ailments and when done for payment either directly or indirectly or without payment for the public generally) constitutes the teaching and practice of barbering.

Shaving, or trimming the beard or cutting or bobbing the hair.

Facial and scalp massages or treatments with oils, creams, lotions or other preparation.

Singeing, shampooing or dyeing the hair or applying hair tonics.

Applying cosmetic preparations, antiseptics, powders, oil, clay or lotions to scalp, face or neck; and

For the purpose of this Act and as used herein the term 'barber shop' is hereby defined to embrace and include any establishment or place of business wherein the practice of barbering as hereinabove defined is engaged in or carried on."

and then proceeds to specifically exempt from the statute certain persons:

## "EXEMPTIONS.

Section 4. The provisions of the Act shall not be construed to apply to:

(a) Persons authorized by the law of this State to practice medicine and surgery or osteopathy or chiro-

practic or persons holding a drugless practitioner certificate under the law of this State;

(b) Commissioned medical or surgical officers of the United States Army or Navy or Marine hospital service;

(c) Registered nurses under the laws of this State;

(d) Persons practicing beauty culture;

(e) Persons employed in state or local institutions, or hospitals as barbers.

The Act further provides:

## "CONSTITUTIONALITY

Section 24. If any Section, subsection, sentence, clause or phrase of this Act is for any reason held to be unconstitutional such decision shall not affect the validity of the remaining portion of this Act. The Legislature hereby declares that it would have passed this Act, and each Section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses, or phrases be declared unconstitutional."

The petitioner specifically attacks this law because it is unconstitutional in that it contains:

(a) an unreasonable and arbitrary distinction and discrimination between persons engaged in the same class and kind of business or occupation, or exercising the same privileges, and makes an arbitrary distinction between persons similarly situated;

(b) that it does not bear equally and uniformly on all persons engaged in the same class of business or occupation, and does not fall alike on all persons engaged in the same particular class of business or avocation;

(c) that it unreasonably and arbitrarily exempts part of the class or business or occupation of barbers, included in the definition of barbering;

(d) that it arbitrarily and unreasonably imposes a license tax and fee upon a portion of a certain class of business of occupation, and exempts certain other per-

sons in said business or occupation similarly situated, without any valid reason therefor.

The constitutional provision for the ''Equal protection of the law'' seeks ''an equality of treatment of all persons, even though all enjoy the protection of due process. It does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subject to such legislation shall be treated alike, under like circumstances and conditions, both in privileges conferred and liabilities imposed. It is not infringed by legislation which applies only to those persons falling within a specified class, if it applies alike to all persons within such class, and reasonable grounds exist for making a distinction between those who fall within such class and those who do not.'' Cooley's Const. Limitations, pages 824-5.

Headnote 3, State ex rel. Bonsteel v. Allen, 83 Fla. 214, 91 Sou. Rep. 104:

''While it is within the power of the courts to declare laws levying license taxes void because of the unreasonable and arbitrary exercise of the State's power either in the classification or in fixing the amount of the license tax is so great, or the classification so palpably arbitrary as to be beyond the necessities for the legislation, or equivalent to an impairment of the constitutional rights of property, or tend to prevent a great number, if not all persons from pursuing otherwise lawful occupations which do not impair public safety, public health, or injure public property.''

See also Cooley's Constitutional Limitations (8th Ed.) 1243.

Headnote 4, Seaboard Air Line Ry. Co. v. Abe Simon & Co., 56 Fla. 545, 47 Sou. Rep. 1001:

''Classifications adopted for legislative regulation should have some just relation to, or reasonable basis in, essential differences of conditions and circumstances with reference to the subject regulated, and should not be merely arbitrary; and all similarly situated or hav-

ing similar legal duties and obligations in regard to the subject regulated, should be included in one class, at least where there are no practical differences that are sufficient to legally warrant a further or special classification in the interest of the general welfare.''

See also Cooley's Constitutional Limitations (8th Ed.) 804.

Headnote 10, State ex rel. Clarkson v. Phillips, 70 Fla. 340, 70 Sou. Rep. 367:

''The State has wide discretionary power in imposing license taxes, and unless there can be no substantial basis for discriminations made in classifications and in fixing the amount of license taxes, so that such discrimination must be regarded as purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere with legislative regulations of such matters.''

See also Cooley's Constitutional Limitations (8th Ed.) 361.

One of the complaints as to the constitutionality of the act is that it unreasonably and arbitrarily exempts part of the class or business or occupation of barbers. Before an exemption of a portion of a general class can be considered sufficient to make an entire act unconstitutional it must be such as to result in making the law in its application so capricious and arbitrary as to violate the limitations of discretion in classifications as vested in the legislature with the consequence that the classification becomes unreasonable and unnatural. See Smith v. Cahoon, 283 U. S. 553.

The Court entertains serious doubt as to the validity of the exemption of that class of persons falling under paragraphs (a), (b) and (c) of Sec. 4, *supra,* when engaged in barbering as defined; but assuming (without adjudicating) that to allow the exemptions to stand would make the Act unconstitutional we are then con-

fronted with Sec. 24 (supra) and the general principle of law that

> "If a duly enacted statute contains provisions that are invalid because in conflict with organic law, and such invalid portions may be severed, and the remainder of the statute may then be made effective for the purpose designed, and will not cause results not intended by the Legislature, and it does not appear that the statute would not have been enacted without the invalid portions, the invalid portions of the Act should be disregarded and the valid portions enforced if it can be done to effectuate the legislative intent." State v. Phillips, 70 Fla. 340, 70 Sou. Rep. 367.

See also Cooley's Constitutional Limitations (8th Ed.) 360.

If on the one hand the exemptions are to stand and the result is to make the Act invalid, or on the other hand the exemptions enumerated can be stricken out and that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, the law must be sustained with the unconstitutional portions stricken. See Cooley's Constitutional Limitations (8th Ed.) 359-363.

The purpose for which the statute was passed appears to be for the regulation of barbers serving the public generally. The barber occupation is well established and the practices thereof are recognized by all. It has not been made to appear that the exemptions d and e as contained in the statute are so unreasonable or unnatural as to make the application so capricious and arbitrary as to violate the principles of law above set forth.

It is ordered that the petitioner be remanded to the custody of the respondent.

WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

BUFORD, C.J., concurs in the conclusion.

DAVIS, J., disqualified.

BUFORD, C.J., concurring specially.—I entertain no doubt as to the validity of the exemptions of those classes ·of persons falling under the designations contained in pargraphs (A), (B) and (C) of Sec. 4 of the Act under consideration. Each of the classes named in these paragraphs is regulated and controlled by other statutes applicable to them and they having complied with such other statutes may, without first complying with the statute regulating the barbers vocation, do those things incident to their respective regulated vocations, although such things may also be incident to the vocation of a barber.