86 So.2d 447 (1956)
The INSURANCE COMPANY OF TEXAS, Appellant,
v.
John Lee RAINEY and Joseph Schlitz Brewing Company, Appellees.
Supreme Court of Florida. En Banc.
March 14, 1956.
Rehearing Denied April 20, 1956.
*448 James A. Smith and Wicker & Smith, Miami, for appellant.
George Kastenbaum, Miami Beach, for John Lee Rainey.
Dixon, DeJarnette, Bradford & Williams, Miami, for Joseph Schlitz Brewing Company.
HOBSON, Justice.
Appellee, Rainey, was injured in the course of his employment and was awarded workmen's compensation payments. He sued the Schlitz Brewing Company as a third party tort feasor and settled the case for $7,500. Appellant, Insurance Company of Texas, is the compensation carrier for Rainey's employer. As such compensation carrier, appellant was brought into the case for the purpose of determining its "pro rata share" of the recovery pursuant to F.S. § 440.39(3), F.S.A., which provides for a lien in favor of the employer or compensation carrier for such share "based upon such equitable distribution of the amount recovered as the court may determine".
Appellant contended below and contends here that Section 440.39 is unconstitutional. We had occasion to consider this section at length in Arex Indemnity Co. v. Radin, Fla., 72 So.2d 393, 395, and we will not quote the section in full because it is plain that the language actually objected to by appellant here is that which we have quoted above from subsection (3) of Section 440.39.
It is first contended that Section 440.39(3) is offensive as denying to appellant the equal protection of the laws. Appellant states that by Section 440.39(3) "the legislature has classified compensation carriers into a group by limiting their right of subrogation." But the validity of this classification is not under attack. The only construction we can place upon appellant's contention is that the section denies equal protection to compensation carriers because in different situations which may give rise to a right to subrogation under the section, the amount of recovery awarded as an "equitable distribution" may be different. As we pointed out in the Arex Indemnity Co. case, supra, "An endless variety of situations may arise in cases where an employee covered by compensation through his own initiative effects a recovery against a third party tort feasor." But there is nothing in the statute which would indicate that where the situation of the parties, and the amounts involved, are the same the statute would operate differently upon compensation carriers of a particular class than upon compensation carriers of any other class. The only classification involved is the one to which appellant does not object. Equal protection demands only that the rights of all persons must rest upon the same rule under similar circumstances. State ex rel. Vars v. Knott, 135 Fla. 206, 184 So. 752; State ex rel. Lane Drug Stores v. Simpson, 122 Fla. 582, 166 So. 227; Di Lustro v. Penton, 106 Fla. 198, 142 So. 898; Louis K. Liggett Co. v. Amos, 104 Fla. 609, 141 So. 153. As the Supreme Court of the United States has stated in a recent case, "So long as the law applies to all alike, the requirements of equal protection are met." State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 465, 67 S.Ct. 374, 377, 91 L.Ed. 422. The right to a "pro rata share" based upon "equitable distribution" is available to all compensation carriers under the statute, and there is no denial of equal protection here.
The next contention of appellant is that Section 440.39 is unconstitutional because it is vague, indefinite, and an unlawful delegation of legislative authority to the judiciary. As we pointed out in the Arex Indemnity Co. case, supra, 72 So.2d 393, at page 396:
"We think any effort to establish a precise formula to encompass all variables that may be present in situations arising under Section 440.39(3), supra, *449 would be a simple case of judicial legislation. The statute sets up and prescribes the standard. If the language there used is undesirable, the matter is one for legislative action."
We further suggested in the Arex case, however, that more particularity in the standard laid down for the determination of an equitable distribution would be virtually impossible in view of the innumerable situations which can arise thereunder and call for the exercise of discretion by the court. This is not a case where rights under the criminal or penal laws are made to depend upon a vague statutory definition, as in United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284; and Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, cited by appellant. The statute places no duty upon the appellant and lays down no standard which the appellant itself is compelled at its peril to follow, nor does it seek to impose a duty upon an administrative body of a character so vague and perplexing that many results are possible on the same essential state of facts. Compare Phillips Petroleum Co. v. Anderson, Fla., 74 So.2d 544. The statute, after all, deals with a judicial officer and authorizes him to make an "equitable distribution". We think the term "equitable distribution" is sufficiently definite when considered with the type of problem with which we are dealing. The term "equitable lien" comes to mind and we have described it as a lien which may be "`declared by a court of equity out of general consideration of right and justice as applied to relations of the parties and circumstances of their dealings in the particular case.'" Johnson v. Craig, 158 Fla. 254, 28 So.2d 696, 699. This is hardly a definite standard, but it is appropriate for a court of equity. As appellees point out, our statutes are replete with similar standards whose application must be governed by a sound judicial discretion. If the discretion vested in the chancellor or trial judge under any of these statutes is abused, a remedy is provided by way of appeal. We conclude that the constitutional attack made upon the statute must fail, and the determination of the chancellor upon this aspect of the case must be affirmed.
We next consider a cross-appeal by Rainey, plaintiff below, from an order denying his motion for attorney fees for defending against the claim of the compensation carrier, discussed above, and "interest" for the time the compensation carrier delayed release of a part of the settlement money which had been paid into the court.
As indicated above, the case against the third party tort feasor was settled, and as a result of the settlement obviously any claim for true interest which might have run against the third party tort feasor in the event that a judgment had been entered and appealed was extinguished by the fact of the settlement. The "interest" sought by Rainey is not interest at all, but a penalty sought to be imposed upon the compensation carrier for presenting a bona fide legal question for adjudication. Cross-appellant has produced no authority which is in point upon this subject and we affirm the chancellor's ruling in this regard. By this ruling, we do not mean to suggest, however, that a situation might not arise wherein the chancellor would be authorized, by reason of dilatory or other tactics on the part of the employer or compensation carrier, to take such conduct into account in reaching an "equitable settlement" under Section 440.39(3).
As for attorney fees, Section 440.39(3) provides that the "pro rata share" to which the employer or carrier shall be entitled, based upon "equitable distribution" shall be "less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor *450 and notice to adverse party." Attorney fees contemplated under this section are for the prosecution of the suit against the third party tort feasor, and by the clear language of the statute it does not appear that the legislature intended to provide fees for opposing any claim which might be made in connection with the "equitable settlement" provided for in the statute. There is no ambiguity in the statute upon which a claim for attorney fees for such service might be resolved in favor of the appellee. Compare Lockett v. Smith, Fla., 72 So.2d 817.
Affirmed.
DREW, C.J., and TERRELL, THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., concur.