SYRING ET AL., APPELLANTS, *v.* SARTORIOUS ET AL., APPELLEES.

(No. 700—Decided August 26, 1971.)

*Mr. Lawrence G. Worstell*, for appellees.

*Mr. Freeman T. Eagleson, Jr.* and *Mr. David E. Morgan*, for appellants.

GRAY, J. This cause is in this court on appeal from a judgment of the trial court holding that defendant M. A. Sartorious has a valid lien upon plaintiffs' proportionate share of operating expenses of producing oil wells. Plaintiffs, feeling aggrieved by this action of the trial court, filed their notice of appeal on questions of law and fact and assigned the following errors:

"1. The judgment and order of the court is irresponsive and not pertinent to the issues raised by the pleadings.

"2. The judgment and order of the court is contrary to law and against the weight of the evidence "

Plaintiffs filed a petition upon the theory that the lien

purportedly perfected by Sartorious, who operated certain oil wells under an operating agreement, was a mechanic's lien and had not complied with the mandatory requirements of R. C. 1311.06. Plaintiffs' petition is in the alternative and states that the paper Sartorious filed for record in the recorder's office of Athens County, Ohio, represented an operator's or mechanic's lien against plaintiffs.

Section 17 of the agreement between plaintiffs and Sartorious is as follows:

## "OPERATOR'S LIEN"

"Operator is given a first and preferred lien on the interest of each party covered by this contract, and in each party's interest in oil and gas produced and the proceeds thereof, and upon each party's interest in material and equipment, to secure the payment of all sums due from each such party to Operator.

"In the event any party fails to pay any amount owing by it to Operator as its share of such costs and expense or such advance estimate within the time limited for payment thereof, Operator, without prejudice to other existing remedies, is authorized, at her election, to collect from the purchaser or purchasers of oil or gas, the proceeds accruing to the working interest or interests in the unit area of the delinquent party up to the amount owing by such party, and each purchaser of oil or gas is authorized to rely upon Operator's statement as to the amount owing by such party."

The question before this court is: Was a lien created by the action of Sartorious and if so what is the nature of it and is it a valid lien? We think that a lien was created and that it was created by contract and that it is a valid lien in favor of Sartorious against the plaintiffs and a lien on the money held by defendant Buckeye Pipeline Company for plaintiffs.

The doctrine may be stated in its most general form that every express executory agreement in writing whereby a contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or

other obligation, or whereby the party promises to convey, assign, or transfer the property as security, creates an equitable lien upon the property so indicated. which is enforceable against the property in the hands not only of the original contractor, but of his purchasers or encumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien upon personal property. The doctrine itself is clearly an application of the maxim "equity regards as done that which ought to be done." *Cf. Klaustermeyer* v. *Cleveland Trust Co.*, 89 Ohio St. 142.

The doctrine is carried still further, and applied to property not yet in being at the time the contract is made. It is well settled that an agreement to charge, or to assign, or to give security upon, or to affect property not yet in existence, or in the ownership of the party making the contract, or property to be acquired in the future, does constitute an equitable lien upon the property so existing or acquired at a subsequent time, which is enforced in the same manner and against the same parties as a lien upon specific things existing and owned by the contracting party at the date of the contract.

The United States Supreme Court in *Walker* v. *Brown*, 165 U. S. 654, 664, 17 S. Ct. 453, 457 said:

"It is well settled, said the court in *Pinch* v. *Anthony*, 8 Allen, 536, 'that a party may, by express agreement, create a charge or claim in the nature of a lien on real as well as on personal property of which he is the owner or in possession, and that equity will establish and enforce such charge or claim, not only against the party who stipulated to give it, but also against third persons, who are either volunteers, or who take the estate on which the lien is agreed to be given with notice of the stipulation.' The subject was very fully reviewed with reference to the English and American authorities in *Ketchum* v. *St. Louis*, 101 U. S. 306, where the language just cited was approved; and that ruling was considered and reaffirmed, during this term, in *Bank* v. *Yardley*, 165 U. S. 634, 17 Sup. Ct. 439."

The court in *Farmers and Merchants Bank* v. *Com-*

*missioners of Internal Revenue* (C. C. A. 8), 175 F. 2d 846, 849-50 stated:

"No precise and all-inclusive definition of an equitable lien is, of course, possible, because of its inherently flexible and varying nature as a devise of equity. Cf. 15 Words and Phrases, Perm. Ed., Equitable Lien, page 49. One of the conventional general definitions is that 'It is simply a right of a special nature over the thing (a res), which constitutes a charge or encumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action * * *.' 4 Pomeroy's Equity Jurisprudence, 5th Ed., §1233, p. 692. The modern tendency has been to extend the doctrine of equitable liens. 33 Am. Jur., Liens, 18, pp. 427, 428. The Restatement, Restitution, §161, adopts the broad concept that, 'Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched, an equitable lien arises.' A substantial number of cases have approved the following definition: 'An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings.' See *e. g. Baranofsky* v. *Weiss*, 120 Pa. Super. 126, 182 A. 47, 48; *Fallon* v. *Worthington*, 13 Colo. 559, 22 P. 960, 962, 6 L. R. A. 708, 16 Am. St. Rep. 231; *Johnson* v. *Craig*, 158 Fla. 254, 28 So. 2d 696, 699; *United States* v. *1364.76875 Wine Gallons, More or Less, of Spirituous Liquors*, D. C. Mo., 60 F. Supp. 389, 392."

We find no prejudicial error among those assigned and argued. Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE, P. J., and STEPHENSON, J., concur.