273 So.2d 793 (1973)
Dorothy STEVENS et al., Appellants,
v.
Shawn CROWDER, Appellee.
No. 72-575.
District Court of Appeal of Florida, Third District.
February 27, 1973.
Rehearing Denied March 20, 1973.
Gaer & Rosengarten, Miami, for appellants.
Fred A. Jones, Jr., Miami, and Alan Jacobi, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants appeal from a final judgment awarding the plaintiff the sum of $1,290 as damages for improvements permanently beneficial to the subject property.
At trial, plaintiff Crowder testified that in lieu of a $200 loan, a $500 automobile and payment of delinquent mortgage payments, defendants, James and Brenda Stevens, executed to plaintiff a power of attorney by which plaintiff could deed to himself a duplex owned by them. Subsequently, plaintiff executed such a deed and made certain improvements upon the property. However, this deed was never recorded. Sometime thereafter, on February 24, 1969, defendants, James and Brenda Stevens, conveyed the property to defendant Dorothy Stevens who recorded her deed. Plaintiff filed suit on July 16, 1969 to have the conveyance to Dorothy Stevens set aside and to have title vest solely in himself. He also sought to obtain a money judgment in excess of $5,000 for monies expended by him for improvements to the property. Defendant James Stevens counterclaimed to obtain a money judgment for *794 certain personal property allegedly converted by the plaintiff. The trial court (1) dismissed the counterclaim, (2) held that the deed of record to Dorothy Stevens is valid, and (3) awarded the plaintiff the sum of $4,201.98 for monies expended on the property, such sum being reduced by the court to $1,290 on rehearing.
On appeal, appellants are challenging the award of $1,290 as damages for improvements permanently beneficial to the subject property. This challenge is based primarily on the contention that appellee Crowder had notice of the existence of the adverse claim of Dorothy Stevens. However, a search of the record on appeal reveals that appellee had no knowledge of any adverse claims until Dorothy Stevens moved into the duplex on the property. Prior to this move, all improvements by appellee had been completed.
It is well established that an equitable lien on property benefited arises where a person in good faith and under mistake as to condition of the title, makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property. Dewing v. Nelson & Co., Fla.App. 1960, 117 So.2d 744; Johns v. Gillian, 134 Fla. 575, 184 So. 140 (1938). Thus, unjust enrichment of the owner thereof at the expense of the claimant is prevented. Further, an equitable lien is one which may be declared by a court of equity out of general consideration of right and justice as applied to relations by the parties and the circumstance of their dealings in the particular case. Insurance Company of Texas v. Rainey, Fla. 1956, 86 So.2d 447; Johnson v. Craig, 158 Fla. 254, 28 So.2d 696 (1947). Therefore, we hold the lower court correct in finding appellee was entitled to the expenses he had incurred in improving the subject property and that the expenses so incurred would become a lien thereon.
We have reviewed appellants' remaining points on appeal and appellee's points on cross appeal and find them to be without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.