323 So.2d 687 (1975)
Ronald McPHERSON, Appellant,
v.
Jeffrey and Flora REDDING, Appellees.
No. 75-241.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Rehearing Denied January 13, 1976.
Shutts & Bowen and Thomas H. Anderson and Phillip G. Newcomm, Miami, for appellant.
Tobias Simon and Elizabeth DeFresne and Sidney Matthew, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant, Ronald McPherson, appeals a final judgment granting plaintiffs a $60,000 lien upon his real property.
In April 1964 Ronald McPherson listed his property for sale with Tripp & Snyder real estate brokers and then departed for France. Tripp & Snyder placed an advertisement for the sale of the property in the newspaper. Plaintiff-appellees responded, offered to purchase the property for $4,500 and executed an agreement for deed whereby they would pay $200 down and $40 per month. The agreement and plaintiffs' check for $200 were forwarded to McPherson in France. Plaintiffs, without the consent or knowledge of McPherson but with the approval of Tripp & Snyder, proceeded to clear the land and bring in 350 tons of fill to establish a worm farm. In June, McPherson returned to Tripp & *688 Snyder plaintiffs' check and the agreement for deed unsigned. Plaintiffs refused to accept their returned check and continued to work their worm farm. Tripp & Snyder for several years unsuccessfully attempted to persuade McPherson to consummate the transaction. During this entire period McPherson paid the taxes on the property. Upon returning to Florida in the winter of 1972, McPherson discovered the plaintiffs and the worm farm and informed them that they were on his property. Plaintiffs filed the instant complaint to impress an equitable lien upon McPherson's property which they claim was benefited by converting it to a worm farm.
While this suit was pending, a portion of the land was condemned and the State of Florida paid $8,325 as compensation for the land acquisition. This sum was awarded to the plaintiffs.
After a final hearing on plaintiffs' complaint, the trial judge entered the herein appealed judgment impressing a $60,000 lien on McPherson's property.
On appeal, McPherson first contends that plaintiffs are not entitled to an equitable lien on his property inasmuch as the requisite elements for such a lien are absent.
An equitable lien on the property benefited arises where a person in good faith and under a mistake as to the condition of the title makes improvements, renders services, or incurs expenses that are permanently beneficial to another's property. There is no such lien where expenditures are made with knowledge of the real state of the title. Johns v. Gillian, 134 Fla. 575, 184 So. 140 (1938); Dewing v. Nelson & Co., Fla.App. 1960, 117 So.2d 744; Stevens v. Crowder, Fla.App. 1973, 273 So.2d 793.
When Tripp & Snyder on June 24, 1974 tendered back to plaintiffs their check for $200 and informed them that McPherson did not sign the agreement for deed, it was clear that title to the property remained in McPherson. Nevertheless, with full knowledge of the real state of the title, plaintiffs insisted upon retaining possession and continued to make improvements upon the property. Thus, plaintiffs are not entitled to a lien for improvements beyond the date that McPherson's rejection was communicated to them by Tripp & Snyder. At most, plaintiffs are entitled to equitable lien for the three month period, April-June 1974.
Appellant secondly argues that he is entitled to the sum of $8,325, the condemnation proceeds awarded in the eminent domain action. We agree.
Appellant being the undisputed legal title holder of the property which was condemned, the trial judge erroneously ordered that the $8,325 condemnation proceeds be released to the plaintiffs.
Accordingly, the final judgment appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.