**GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee,**

v.

**Edward F. LOWRY and Kusworm & Myers Co., L. P. A., Defendants-Appellants.**

**No. 76–1845.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 28, 1976.

Decided and Filed Feb. 15, 1978.

---

**10.** *See* note 5, *supra.*

**11.** 5 U.S.C. § 706(2)(A).

John H. Dawson, Hall & Dawson, Dayton, Ohio, for defendants-appellants.

Paul Tague, Jr., J. Paul McNamara, McNamara & McNamara, Columbus, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and THORNTON, District Judge.*

PHILLIPS, Chief Judge.

The issue in this diversity suit is whether the priority provision of the Ohio Uniform Commercial Code, Ohio Rev.Code Ann. § 1309.31 (UCC 9–312), precludes the imposition of an equitable lien under the unusual facts of the present case. In comprehensive findings of fact and conclusions of law, District Judge Carl B. Rubin allowed an equitable lien under the "narrowly-circumscribed" situation here presented. *General Insurance Company of America v. Lowry,* 412 F.Supp. 12 (S.D.Ohio 1976). Reference is made to the reported decision of the district court for a detailed recitation of pertinent facts.

In diversity cases, federal courts must apply the law of the State as pronounced by its highest court. *See Erie R. R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We conclude that because of the peculiar circumstances involved in this case, the Supreme Court of Ohio would uphold the imposition of an equitable lien notwithstanding the priority provisions of § 1309.31. We reach this conclusion based upon two considerations.

First, § 1301.09 (UCC 1–203) provides: "Every contract or duty within [Chapter 1309] of the Revised Code, imposes an obligation of good faith in its performance of enforcement." Section 1301.01(S) defines good faith as "honesty in fact in the conduct or transaction concerned." *See In re Samuels & Co.,* 526 F.2d 1238, 1243–44 (5th Cir. 1976) (en banc), *cert. denied, Stowers v. Mahon,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976). In *Thompson v. United States,* 408 F.2d 1075, 1084 (8th Cir. 1969), the Eighth Circuit held that the good faith provision of the UCC "permits the consideration of the lack of good faith . . . to alter priorities which otherwise would be determined under Article 9."

The district court emphasized that this case involves the attorney for one of the parties, not a disinterested creditor at-

* Honorable Thomas P. Thornton, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

tempting to protect his commercial interests. We agree with the district court that the record discloses facts which do not meet the good faith standards of the Uniform Commercial Code.

Second, an equitable lien was created by appellants in favor of appellee. In 1913, the Supreme Court of Ohio dealt with facts strikingly similar to the present suit. In *Klaustermeyer v. The Cleveland Trust Co.,* 89 Ohio St. 142, 105 N.E. 278 (1913), each member of the Board of Directors of Euclid Avenue Trust Company loaned $5,000 to the company when the trust company began having financial difficulties. Stock owned by the company was to be delivered to the directors as security for each member of the Board of Directors of Euclid Avenue Trust for the benefit of creditors to the Cleveland Trust Company before the stock was delivered to Klaustermeyer, one of the board members. The Supreme Court of Ohio held that Klaustermeyer had an "equitable lien on the securities in the possession of the Euclid Avenue Trust Company, which were assigned and transferred to The Cleveland Trust Company . . . ." 89 Ohio St. at 144, 105 N.E. at 279. In holding that the trust company had a duty to deliver the securities to Klaustermeyer, the court said:

> In modern times the doctrine of equitable liens has been liberally extended for the purpose of facilitating mercantile transactions, and in order that the intention of the parties to create specific charges may be justly and effectually carried out. Bispham's Principles of Equity (8 ed.), Section 351.
>
> What good conscience requires, equity should require, and while we are able to find no adjudicated case upon parallel facts, we are persuaded from the nature of the transaction, the relations and the rights of the parties, good conscience and sound morals among men in everyday business, that Klaustermeyer should have his lien for his loan. 89 Ohio St. at 153, 105 N.E. at 282.

We disagree with appellants' argument that the enactment of the Uniform Commercial Code overruled *Klaustermeyer*

and eliminated equitable liens in all situations. Section 1301.03 (UCC 1–103) states in pertinent part: "Unless displaced by the particular provisions of [Chapter 1309] of the Revised Code, the principles of law *and equity* . . . shall supplement its provisions." (emphasis added).

Discussing the doctrine of equitable liens and citing *Klaustermeyer,* the Ohio Court of Appeals held in *Syring v. Sartorius,* 28 Ohio App.2d 308, 309–10, 277 N.E.2d 457, 458 (1971):

> The doctrine may be stated in its most general form that every express executory agreement in writing whereby a contracting party sufficiently indicates an intention to make some particular property, real *or personal,* or fund, therein described or identified, *a security for a debt* or other obligation, or whereby the party promises to convey, assign, or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his purchasers or encumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien upon personal property. The doctrine itself is clearly an application of the maxim "equity regards as done that which ought to be done." Cf. *Klaustermeyer v. Cleveland Trust Co.,* 89 Ohio St. 142, 105 N.E. 278. (emphasis added).

This court has recognized the continuing validity of *Klaustermeyer. See In re Easy Living, Inc.,* 407 F.2d 142, 145 (6th Cir. 1969). *See also In re Troy,* 490 F.2d 1061, 1065 (6th Cir. 1974).

Construing Texas law, the Fifth Circuit implicitly found that the existence of an equitable lien does not conflict with Article Nine of the UCC. *See Citizens Co-Op Gin v. United States,* 427 F.2d 692, 695–96 (5th Cir. 1970). Other Circuits construing various state laws have recognized the doctrine of equitable liens. *See Casper v. Neubert,* 489 F.2d 543, 547 (10th Cir. 1973); *Awkwright Mutual Insurance Co. v. Bargain City, U. S. A., Inc.,* 373 F.2d 701 (3d Cir.

1967); *Cherno v. Dutch American Mercantile Corp.*, 353 F.2d 147, 151–53 (2d Cir. 1965). *But cf. Shelton v. Erwin*, 472 F.2d 1118 (8th Cir. 1973).

■ We, therefore, are convinced that the Ohio Supreme Court, if it were deciding this case, would follow its earlier opinion in *Klaustermeyer*, holding that General Insurance Company is entitled to an equitable lien on the Pico stock in possession of appellant Myers.

Affirmed.