NATHAN, Judge.
By this appeal, the defendant, Ronald/ McPherson, seeks review of an order of the trial court dismissing with prejudice his counterclaim against plaintiffs Redding to impress an equitable lien on property owned by McPherson.
Plaintiffs’ amended complaint and defendant’s counterclaim thereto emanate from the order on mandate of the trial court which followed our opinion in a prior appeal in this cause. See McPherson v. Redding, 323 So.2d 687 (Fla. 3d DCA 1975).
Plaintiffs’ original complaint was to impress a lien. Defendant answered and counterclaimed alleging among other things, that plaintiffs were trespassers and thus, should be required to remove themselves from the property and to pay any damages to which the defendants/counter-plaintiffs are justly entitled.
These issues were litigated and judgment entered thereon in favor of plaintiffs, granting them a $60,000.00 equitable lien for the period of time from 1964 to the winter of 1972. Upon reversal and remand, this court, with reference to the equitable lien opined,
“Thus, plaintiffs are not entitled to a lien for improvements beyond the date that McPherson’s rejection was communicated to them by Tripp & Snyder. At most, plaintiffs are entitled to equitable lien for the three month period, April — June 1974.”
Following and pursuant to the trial court’s order on our mandate, plaintiffs filed an amended complaint for an equitable lien for the three month period from April, 1964, to June, 1964. The defendant filed an answer and counterclaim for damages for trespass, destruction of property and profits growing out of the use of the property by plaintiffs from April, 1964, to the present time.
Plaintiffs contend that when defendant asserted his counterclaim for damages, these issues now sought to be tried were raised and already tried and resolved by the trial court, and upheld by this court, except that recovery was limited to an equitable lien for improvements during the three month period. We agree. Not only did the trial court properly dismiss the counterclaim sub judice, for damages from April, 1964, to the date of the judgment in January, 1975, but we also find that there was no abuse of discretion in not permitting the counterclaim at such a late date for the period after January 2,1975, to the present time.
The only issue now to be tried is whether plaintiffs are entitled to an equitable lien for their improvements on the property during the three month period, and the damages to the plaintiffs therefor, if any. Trial of this issue does not preclude defendant from bringing whatever separate action he may choose from the date of, and after the judgment of the trial court of January 2, 1975.
Affirmed.