OPINION
Plaintiff-appellant Option One Mortgage Corporation appeals from a summary judgment awarded in favor of defendants-appellees Accredited Home Lenders, Inc., and Robert Boyd, regarding Option One's foreclosure action on Boyd's property, upon which Option One and Accredited Home Lenders each held a mortgage. The trial court dismissed Option One's foreclosure action upon finding that Accredited Home Lenders possessed the first lien on the property. Option One argues that it had the first lien on the property because its mortgage was recorded four months earlier than that of Accredited.
We conclude that Boyd's grantor, Rebecca Scharr, who bought the property from Option One's mortgagor, took title to the property free from any lien, legal or equitable, held by Option One, since Option One's mortgage was unrecorded at the time of sale, and Scharr had no actual or constructive notice of the lien. Therefore, when Boyd purchased the property from Scharr, he also took title to the property free from Option One's mortgage, and Boyd's mortgagee, Accredited Home Lenders, holds the first lien on the property. Accordingly, the judgment of the trial court is Affirmed.
 I
Prior to July, 1998, Lyle Williams owned real property located at 40 Nassau Street. On July 1, 1998, Williams conveyed the property to James Roseberry by way of a warranty deed. On July 28, 1998, Roseberry executed a mortgage to Option One. The warranty deed and mortgage were not recorded until October 15, 1999.
On August 31, 1999, Roseberry executed a deed for the property to Kimberly Scharr. This deed was recorded on September 15, 1999. On February 1, 2000, Scharr transferred her interest in the real estate to Robert Boyd. On February 3, 2000, Boyd executed a mortgage deed to Accredited Home Lenders. The Scharr to Boyd deed and Accredited Home Lenders' mortgage deed were recorded on February 9, 2000.
On May 31, 2000, Option One filed a foreclosure action, naming Boyd, Roseberry, and Accredited Home Lenders, among others, as defendants, and alleging that Roseberry had defaulted on the terms of the July 28, 1998 mortgage, and that it held a first lien on the property. On October 3, 2000, Accredited Home Lenders moved for summary judgment on the grounds that it held a first lien on the real estate. On October 26, 2000, Option One responded with a memorandum contra and its own motion for summary judgment. On January 24, 2001, the trial court rendered summary judgment in favor of Accredited Home Lenders, and dismissed Option One's foreclosure action.
From the summary judgment, Option One appeals.
 II
Option One's sole assignment of error states:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF/APPELLANT'S FORECLOSURE CASE, IN GRANTING SUMMARY JUDGMENT FOR DEFENDANT/APPELLEE, ACCREDITED HOME LENDERS, AND IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT IN A FORECLOSURE ACTION WHERE APPELLANT'S MORTGAGE WAS RECORDED FOUR MONTHS PRIOR TO THE EXECUTION AND RECORDATION OF ACCREDITED'S MORTGAGE AND WHERE THE DEED TO ACCREDITED'S BORROWER HAD BEEN RECORDED OUTSIDE THE CHAIN OF TITLE.
A trial court may grant a moving party summary judgment pursuant to Civ.R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. The moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party cannot discharge this burden by making conclusory assertions that the non-moving party has no evidence to prove its case, but, instead, must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the non-moving party has no evidence to support his claims. Id. If the moving party satisfies its initial burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial; if the nonmoving party does not so respond, then summary judgment, if appropriate, must be entered against it. Id.
Option One argues that the trial court erred in finding that American Home Lender's mortgage on the property, recorded February 9, 2000, had priority over its mortgage, recorded October 15, 1999. Option One asserts that, pursuant to Ohio's "race-type" recording statute for mortgages, the trial court should have found that its lien had priority over that of Accredited Home Lenders, because it was recorded four months earlier. We disagree.
A deed is an instrument that conveys title to realty from one party to another. Natl. Bank v. Tennessee Coal, Iron and RR. Co. (1899),62 Ohio St. 564, 582. A deed takes effect on the date it is delivered to the purchaser, Kniebbe v. Wade (1954), 161 Ohio St. 294, 297, and is presumed to be executed and delivered as of the date it bears. Walser v. Farmers Trust Co. (1933), 126 Ohio St. 367, paragraph one of the syllabus. R.C. 5301.25(A) provides in pertinent part, "[a]ll deeds * * * shall be recorded in the office of the county recorder of the county in which the premises are situated[.]" Recordation gives constructive notice to all persons dealing with the land of properly recorded instruments in the chain of title. Thames v. Asia's Janitorial Serv., Inc. (1992),81 Ohio App.3d 579, 587. An unrecorded deed is unenforceable against a subsequent bona fide purchaser for value without actual knowledge of the prior unrecorded conveyance or encumbrance. See, e.g., Tiller v. Hinton (1985), 19 Ohio St.3d 66, 69 (unrecorded easement is unenforceable against subsequent bona fide purchaser without notice of unrecorded easement). However, as between the parties to the contract regarding the sale of realty, recordation is not a prerequisite to enforceability. Wayne Bldg. Loan Co. v. Yarborough (1967), 11 Ohio St.2d 195, 212-213. In Ohio, a deed does not have to be recorded to pass title; regardless of whether it has been recorded, a deed passes title upon proper execution and delivery, so far as the grantor is able to convey it. Id.
"A mortgage is an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt." Black's Law Dictionary (6 Ed. 1990) 1009. "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." R.C.5301.23(A). "Under the law of this state, an unrecorded mortgage, as between the parties thereto, is valid; and, as to all others, takes effect from the time it is left for record." Stewart v. Hopkins (1876),30 Ohio St. 502, paragraph six of the syllabus. "The purchaser from the mortgagor of lands incumbered by an unrecorded mortgage, takes title thereto free from such incumbrance, even if he has full knowledge and notice of its existence, and that it is unpaid at the date of his purchase." Building Association v. Clark (1885), 43 Ohio St. 427, paragraph three of the syllabus. "The legal rights of such persons can not be displaced at the instance of the holder of a prior unrecorded mortgage or contract for a mortgage, although acquired with notice of such mortgage or of the existence of such contract; the object of the law being to avoid all the vexed questions of notice, actual or constructive, in determining priorities of lien." Id. at 434, quoting Bloom v. Noggle (1854), 4 Ohio St. 45, 46, paragraph six of the syllabus.
Here, title to the property passed from Williams to Roseberry in July, 1998, despite the fact that this deed was not recorded until October, 1999. Wayne Bldg. Loan v. Yarborough, supra. When title passed from Roseberry to Scharr in August, 1999, title to the property passed to Scharr free of the mortgage deed on the property held by Option One, which also was not recorded until October, 1999. Bldg. Assn. v. Clark, supra. Consequently, when title to the property passed from Scharr to Boyd in February, 2000, title again passed free from Option One's mortgage, despite the fact that, by that time, Option One had recorded its mortgage the preceding October. When Boyd's mortgage deed to Accredited Home Lenders was recorded on February 9, 2000, Accredited obtained a first lien on the property.
If we were to hold that Option One's mortgage "re-attached" to the property when Scharr conveyed it to Boyd, by virtue of the fact that before this conveyance, Option One had finally recorded its mortgage, we would be damaging or diminishing Scharr's title retroactively, thereby subjecting her to a future action brought by Boyd, as well as damaging or diminishing the title of any person in Scharr's position in the future, since that party's ability to sell or otherwise alienate property would be seriously burdened. A person in that position would not take the property free from the unrecorded mortgage, in violation of paragraph three of the syllabus in Bldg. Assn. v. Clark, supra, because of the inability to convey title to others free and clear of the lien.
Additionally, Option One's mortgage on the property could not have become valid as against the world prior to October 15, 1999, the date on which it was recorded. Stewart v. Hopkins, supra. By the time Option One's mortgage was recorded, Roseberry, the mortgagor, no longer held title to the property, having conveyed it to Scharr the preceding August; therefore, there was nothing left of Roseberry's title to convey to Option One. See Wood v. Smith (1943), 38 Ohio Law Abs. 556. As between Roseberry and Option One, of course, any obligation that was intended to have been secured by the mortgage lien is still enforceable. Id.
Option One argues in the alternative that it should at least be deemed to have an equitable first lien on the property, because Roseberry indicated his intention to make the property security for his debt to it, and Accredited Home Lenders had actual and constructive notice of Roseberry's mortgage to Option One. Again, we disagree.
The concept of an "equitable lien" has been defined as follows:
 [an] express executory agreement in writing whereby a contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey, assign, or transfer the property as security, creates an equitable lien upon the property so indicated which is enforceable against the property in the hands not only of the original contractor, but of his purchasers or encumbrancers with notice.
Syring v. Sartorious (1971), 28 Ohio App.2d 308, 309-310 (emphasis added).
Here, Roseberry entered into an express executory agreement with Option One wherein he plainly indicated his intention to make the property located at 40 Nassau Street security for his debt to Option One, thereby creating an equitable lien on that property. Id. The equitable lien was enforceable against the property in the hands not only of Roseberry, but of his purchasers or encumbrancers with notice of Option One's lien. Id.
Option One is quick to point out that Accredited Home Lenders had actual and constructive notice of Option One's mortgage to Roseberry by the time Accredited received and recorded its mortgage on the property from Boyd in February, 2000, because Option One's mortgage was recorded the previous October, and Accredited acknowledged in its reply brief to Option One's memorandum contra that it found Option One's mortgage from Roseberry during its title search. However, Option One presented no evidence to show that Scharr had actual or constructive notice of its mortgage, as was its duty under Dresher v. Burt, supra. Although, pursuant to the recording statute, Scharr had constructive notice of the fact that Williams was still the record title holder of the property when she purchased it from Roseberry — a problem that was eventually resolved in October, 1999, without prejudice to anyone, when the Williams to Roseberry deed was finally recorded — there was no evidence presented showing that Scharr had any notice, actual or constructive, of Option One's mortgage deed from Roseberry. In other words, although in purchasing the property Scharr assumed the risk that there might be some problem with Roseberry's title — a risk that never materialized — she did not assume the risk that Roseberry had conveyed a mortgage deed to another, because she was not on notice, actual or constructive, that he had done so. Consequently, Scharr took title to the property free from any lien, equitable or legal, held by Option One.
Boyd argues in his appellate brief that Option One is not entitled to an equitable lien, because, among other things, Option One does not have "clean hands," since it waited more than fourteen months to record its mortgage. However, "[t]he maxim, `He who seeks equity must come with clean hands,' requires only that the party must not be guilty of reprehensible conduct with respect to the subject matter of his suit." Basil v. Vincello (1990), 50 Ohio St.3d 185, 190 (emphasis added). Option One's conduct in waiting more than fourteen months to record its mortgage was negligent, but we would find it difficult to characterize this conduct as "reprehensible," which is defined as, "[w]orthy of censure or rebuke," Webster's II New College Dictionary (1995) 941, with "censure" being defined as, "[t]o criticize severely : rebuke." Id. at 180. Nevertheless, we need not decide this issue in the instant case in light of our holding above.
Option One's sole assignment of error is overruled.
 III
Option One's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ________ FAIN, J.
GRADY and YOUNG, JJ., concur.