WOOD et, Appellants v SMITH, Appellee; THE EVANSTON BLDG. & LOAN CO., Appellant; ROBINSON et, Appellees.

Ohio Appeals, 1st District, Hamilton County.

No. 6202. Decided February 8, 1943.

C. C. McGary, Cincinnati, and Gerrit J. Raidt, Cincinnati, for Cornelius Wood, et.

Julius R. Samuels, Cincinnati, and Charles S. Burdsall, Cincinnati, for Mabel K. Smith.

## OPINION

By ROSS, J.

Appeal on questions of law and fact from a decree of the Court of Common Pleas of Hamilton County, Ohio.

The action is one to quiet title to real estate. The plaintiff is a purchaser who seeks relief against a mortgage recorded before he acquired title, but recorded after his immediate grantor had acquired title by deed of general warranty.

The facts developed from the evidence presented are that Edward C. Robinson and his wife on May 16th, 1939, executed a mort-

gage on certain real estate to Mabel K. Smith. This was a second mortgage given to secure a part of the purchase price of the real estate which she had deeded to Robinson.

On April 17, 1940, the Robinsons conveyed their entire interest in the property to The Evanston Building & Loan Company, by full warranty deed.

On May 1st, 1940, Mabel K. Smith first recorded the mortgage from the Robinsons to her.

On September 27, 1940, The Evanston Building & Loan Company conveyed the real estate to the plaintiffs, Cornelius and Alma Wood.

The plaintiffs seek to quiet title to such real estate in themselves against the claim of Mabel K. Smith which she asserts by virtue of the mortgage of the Robinsons, to her under date of May 16, 1939, but not recorded until May 1, 1940.

It may be considered for the purposes of this opinion that the Building and Loan Company had knowledge of the mortgage to Mabel K. Smith at the time of the deed of the Robinsons to it. It is also a fact that the Robinsons at the time of their purchase of the real estate from Mabel K. Smith gave a first mortgage to The Evanston Building & Loan Company upon which they defaulted and that the warranty deed to the Building & Loan Company was given in full satisfaction of the debt to the company.

What is the status of the defendant Mabel K. Smith by virtue of the mortgage of the Robinsons to her? This mortgage. it is to be remembered, was recorded **after** the deed to the Building & Loan Company and before the deed of the Building & Loan Company to the plaintiffs.

**Section 8542, GC,** provides:

"All mortgages, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the mortgaged premises are situated, and take effect from the time they are delivered to the recorder of the proper county for record. If two or more mortgages are presented for record on the same day, they shall take effect from the order of presentation for record. The first presented must be the first recorded, and the first recorded shall have preference."

In **Stewart et v Hopkins et, 30 Oh St, 502,** the 6th paragraph of the syllabus is:

"Under the law of this state, an unrecorded mortgage, as between the parties thereto, is valid; and, as to all others, takes effect from the time it is left for record."

In **Building Association v Clark, 43 Oh St, 427,** the 3rd paragraph of the syllabus is:

"The purchaser from the mortgagor of lands incumbered by an unrecorded mortgage, takes title thereto free from such incumbrance, even if he has full knowledge and notice of its existence, and that it is unpaid at the date of his purchase."

In **Ohio Farmers' Insurance Co. v Todino, 111 Oh St, 274,** at page 279 of the opinion it is stated:

"As bearing upon the question of what is necessary to pass title, attention is called to the case of **Building Association v Clark, 43 Oh St 427, 2 N. E., 846,** in which it was held that the purchaser from the mortgagor of lands incumbered by an unrecorded mortgage takes title thereto free of such incumbrance, even if such purchaser had full knowledge and notice of the existence of the mortgage. This is so because the statute relating to the recording of such instruments provides that a mortgage shall take effect from the time it is delivered to the recorder of the proper county for record, and, until delivered, it is invalid to all the world, except the parties to it."

Now, in view of these authorities, what real effect does this mortgage to Mabel K. Smith have upon the title of the plaintiffs?

At the time it was recorded and **took effect** the Robinsons had parted with their entire title to the Building & Loan Company. There was nothing left in the title of the Robinsons which the Smith mortgage could affect. Of course. as between the Robinsons and Smith, the mortgage is still a valid obligation. **Sidle v Maxwell et, 4 Oh St 236; Gill v Pinney's Admr., 12 Oh St 38; Smith, etc. v Smith et, 13 Oh St 532.**

The mortgage under such circumstances was, therefore, ineffective to convey any interest in the real estate at the time of its record, since the mortgagors, the Robinsons, had no interest to affect by mortgage. The Building & Loan Company, grantor to the plaintiffs, having the full and complete title to the real estate obviously could convey the same full title to the plaintiffs.

The prayer of the petition must be granted and the title quieted as prayed.

The prayer of the defendant, Mabel K. Smith, is denied.

MATTHEWS, P.J., concurs.