DECISION AND JUDGMENT ENTRY
{¶ 1} Richard and Robin Frasure appeal the trial court's summary judgment granting foreclosure to Oak Hill Banks ("the Bank") on a 4.023-acre tract of land owned by the Frasures. They contend the evidence presented to the trial court raises a genuine issue of material fact about whether the Bank released the four-acre parcel from operation of a mortgage the Bank held. Because the Frasures filed evidentiary material supporting their contention that the Bank executed a release of mortgage for the four-acre parcel, the trial court erred in granting summary judgment in favor of the Bank. Accordingly, we vacate the trial court's judgment of foreclosure and remand for further proceedings consistent with this decision.
 I. Facts {¶ 2} In the 1980's, Richard Frasure's father, William Frasure Jr., owned a home and 200-acre tract of land in the Scioto River Valley that he converted to a private club operating under the name of Frasure's, Inc. ["the business"]. In October 1993, the business obtained a $500,000 loan from the Bank and, in exchange, executed a mortgage in the Bank's favor secured by a lien on the business' premises.
 {¶ 3} Shortly afterwards, William Frasure III ["William III"], Richard Frasure's brother, assumed ownership of the business and its premises. Acting on behalf of the business, William III subsequently executed a warranty deed conveying 4.023 acres of vacant land from the business' premises to appellants.
 {¶ 4} After the business allegedly defaulted in its payments, the Bank filed complaints to foreclose its mortgage lien on the business' premises. To satisfy the business' debt, the Bank foreclosed upon and sold the large tract of land retained and still owned by the business, and also sought foreclosure against the 4.023-acre tract that had been conveyed to appellants.
 {¶ 5} The Bank subsequently moved for summary judgment, arguing that appellants' four-acre tract of land was subject to the mortgage held by the bank. In support of its motion, the Bank presented an affidavit of Rebecca Hughes, an Assistant Vice President for the Bank, who attested that William III had not obtained a release of mortgage for the four-acre tract of land before transferring it to appellants.
 {¶ 6} Appellants filed a memorandum contra asserting that a genuine issue of fact exists about whether the Bank had agreed to release the four-acre parcel from its mortgage. In support, appellants filed affidavits by Richard Frasure and William Frasure III attesting that they were present at a meeting at which Michael Shump, a Vice President of the Bank who was acting on its behalf, consented to William III's conveyance of the four-acre parcel of real estate to appellants and to the release of the parcel from operation of the Bank's mortgage.
 {¶ 7} Appellants also filed a transcript of Shump's deposition. Shump testified that he had the authority to execute a mortgage release on the Bank's behalf, and he admitted that he had prepared and signed a partial release of mortgage for the subject parcel. He contended, however, that the partial release of mortgage was ineffective because the Bank held the release in its files, purportedly awaiting notification from William III or some other person to issue the release.
 {¶ 8} Appellants filed a copy of the "Partial Release of Mortgage," which Shump admitted that he signed on July 29, 1997, a week before William III conveyed the four-acre parcel of real estate to appellants. The Partial Release of Mortgage was signed by Shump as Vice President of the Bank and by Pamela Shaw, an Assistant Vice President of the Bank. Their signatures were acknowledged by two witnesses and a notary public certified that Shump's and Shaw's signing of the Release was their "free act and deed individually and as such officers, duly authorized by the [Bank's] Board of Directors[.]" The Partial Release of Mortgage expressly acknowledges that the release is given by the Bank "for valuable consideration, receipt of which is hereby acknowledged," and states unequivocally that the Bank "does hereby release and discharge from the operation of a mortgage deed executed by FRASURES, INC. to OAK HILL BANKS, dated October 18, 1997 [sic, 1993]," the 4.023-acre parcel of property, being part of the original 200-acre tract of land owned by Frasures, Inc. The document also provides that it does not "waive or in any manner affect or invalidate the lien of said mortgage upon the residue" of the original 200-acre tract of land owned by the business.
 {¶ 9} In ruling on the Bank's motion for summary judgment, the trial court found that the mortgage note held by the Bank was in default, and that based upon the pleadings and affidavits, there is no genuine issue of material fact and the Bank is entitled to judgment as a matter of law. The trial court entered judgment in the Bank's favor, finding that appellants bought the 4.023-acre parcel of real estate without obtaining a release of the real estate. The court granted the Bank foreclosure of its mortgage lien upon appellant's 4.023-acre parcel, and ordered a sheriff's sale to satisfy any liens upon the land. Upon appellants' motion and deposit of requisite funds, however, the court stayed execution of the foreclosure judgment pending appeal to this court.
 II. Assignment of Error {¶ 10} Contrary to App.R. 16(A)(3) appellants present no formal "assignment of error" to this court. They simply argue that the trial court erred in granting summary judgment in favor of the Bank. The Frasures contend that the documentary evidence they filed in response to the Bank's motion for summary judgment raises a genuine issue of material fact as to whether the Bank agreed to release the four-acre parcel of real estate from the mortgage held by the Bank.
 {¶ 11} In its brief, the Bank admits that discussions occurred regarding the Bank's possible release of mortgage for the four-acre parcel of real estate. The Bank asserts, however, that the Frasures failed to present evidence to the trial court that they obtained a release of mortgage for the four-acre parcel.
 III. Summary Judgment Standard of Review {¶ 12} We review a trial court's decision to grant summary judgment on a de novo basis. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment is properly granted only if no genuine issue as to any material fact remains to be litigated and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Byrd v.Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10; Grafton,
supra.
 {¶ 13} The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact exists.Byrd, supra, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 294. Once the movant supports its motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denial of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Byrd, supra.
 IV. Analysis {¶ 14} A mortgage may be partially released when a mortgagee, or a person authorized to act on its behalf, signs an instrument partially releasing the mortgage, the mortgagee's signature is witnessed by and attested to by two witnesses, and the mortgagee's signature is acknowledged and certified by a notary public. See R.C. 5301.32, 5301.01. A partial release of mortgage is deemed properly executed and presumed to be valid when executed in conformity with the foregoing requirements unless the mortgagee's signature was obtained by fraud. R.C.5301.01(B)(1)(a). Moreover, in the absence of clear and convincing proof of fraud or forgery, the certificate of a notary stating that the mortgage release was freely signed and acknowledged by the mortgagee is conclusive evidence of the facts stated in the notary's certification. See, e.g., Williamson v.Carskadden (1881), 36 Ohio St. 664, 666.
 {¶ 15} The Frasures presented a Partial Release of Mortgage that conforms with the statutory requirements and the Bank officers' signatures were certified by the notary as being given of their own free will and deed. Since there are no allegations of fraud, the Release is presumed to be valid and enforceable.
 {¶ 16} A party is bound by the provisions of a contract, including a release, that the party has signed. Alton v. Wyland
(1991), 72 Ohio App.3d 685, 689, citing Kroeger v. Brody
(1936), 130 Ohio St.559, and McAdams v. McAdams (1909),80 Ohio St. 232. See, also, Noroski v. Fallet (1982), 2 Ohio St.3d 77,79 (holding that a release is a contract). We interpret a contract to carry out the intent of the parties. Lewis v.Mathes, 161 Ohio App.3d 1, 2005-Ohio-1975, ¶ 18, citing AultmanHosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Where a contract is clear and unambiguous, its interpretation is a matter of law. Mathes,
supra at ¶ 19, citing Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. Absent an agreement by the parties to the contrary, a contract need not be physically delivered before it is binding on the parties. Industrial Heat Treating Co., Inc. v. IndustrialHeat Treating Co. (1995), 104 Ohio App.3d 499, 509. Nor is recording the release a necessary prerequisite for enforcement between the parties. Recording is designed to provide notice to third parties — it does not affect the validity of the release agreement between the parties. See Mid American Natl. Bank Trust Co. v. Comte/Rogers Devel. Corp. (Sept. 30, 1996), Lucas App. No. L-953-29. See also, Henry v. Bancohio Natl. Bank ofColumbus (1991), 74 Ohio App.3d 209, 212; Sidle v. Maxwell
(1854), 4 Ohio St. 236; Wood v. Smith (1943), 38 Ohio Law Abs. 556.
 {¶ 17} Construing the language of the Partial Release of Mortgage and giving its terms their ordinary meaning, we conclude the Release unambiguously releases the four-acre parcel from operation of the Bank's mortgage on the property. The Bank expressly acknowledged receipt of "valuable consideration" in exchange for the Release, and neither the validity nor enforceability of the Release was conditioned on the Bank's delivery or recording of the instrument. Therefore, on its face, the Release was valid, binding, and enforceable as between the parties upon its execution. Id.
 {¶ 18} In considering all the evidence presented to the trial court and construing it most strongly in favor of the nonmoving party, we conclude that the evidence, at a minimum, raises a genuine issue of material fact about whether the Bank released the four-acre parcel of land from operation of the mortgage. Accordingly, we reverse the trial court's grant of summary judgment for foreclosure in favor of the Bank and remand for further proceedings consistent with this decision.
Judgment Reversed and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.