DECISION AND JUDGMENT ENTRY
{¶ 1} James Robin Waddell, Melissa Mae Waddell, Barry L. McFarland, and Mary Judith McFarland (collectively "Waddell") purchased a tract of land that Oak Hill Bank had forced to a foreclosure sale. Richard S. Frasure and Robin Frasure also claim title to a portion of that tract of land by virtue of a notarized release executed by two of Oak Hill Bank's officers. After the trial court found that Oak Hill Bank had released the Frasures' tract from the mortgage encumbering it, Waddell appealed.
 {¶ 2} First, Waddell argues that the trial court erred in allowing the Frasures to raise the release as an affirmative defense despite their failure to properly plead it in their answer. In a previous appeal, we reversed the trial court's summary judgment in favor of Oak Hill Bank, Waddell's predecessor in interest, because there was a genuine *Page 2 
issue of material fact regarding whether the bank had released the Frasures' tract of land from the mortgage. In that appeal Oak Hill Bank did not argue that the Frasures had waived the affirmative defense of release even though that could have been raised in the prior appeal. Thus, our decision instructing the trial court to address the merits of the Frasures' affirmative defense settled the waiver issue and is now the law of the case.
 {¶ 3} Second, Waddell argue the trial court's finding that Oak Hill Bank released the Frasures' tract of land from the mortgage is against the manifest weight of the evidence. The trial court was asked to decide whether the bank intended to release the property or simply prepared the document in advance to save time in a future negotiation. Two witnesses testified that a bank officer agreed to release this property, and the document on its face releases the property from the mortgage. Based on this testimony, the trial court decided the bank had the present intention to release the property. Because some competent, credible evidence supports the trial court's finding, the judgment below is not against the manifest weight of the evidence.
 I. Facts {¶ 4} In the 1980s, Richard Frasure's father, William Frasure, Jr., owned a 200-acre tract of land in the Scioto River Valley that he converted to a private club operating under the name Frasures Chateau Club, Inc. In October 1993, Frasures Chateau Club, Inc., obtained a $500,000 loan from Oak Hill Bank and, in exchange, executed a mortgage secured by a lien on the land. Shortly afterwards, William Frasure III, Richard Frasure's brother, assumed direction of the business. *Page 3 
 {¶ 5} In 1997, William Frasure, Jr., William Frasure III, and Richard Frasure met with Michael Shump, a Vice President and a commercial lender at Oak Hill Bank, in order to obtain a partial release from the mortgage of a 4.023-acre tract of the encumbered property. The value of the collateral securing the mortgage was $900,000, much more than the amount owed on the loan. William Frasure III and Richard Frasure testified that Shump agreed to release the mortgage on the 4.023-acre tract. After Shump prepared a partial release of the tract, Shump and Pamela K. Straw, an Assistant Vice President at Oak Hill Bank, signed the release, had it notarized, and placed it in the bank's files. Based upon Shump's agreement to release the property, William Frasure III deeded the 4.023-acre tract to the Frasures. However, both William Frasure III and Richard Frasure admitted at trial that they had never received the release, instead explaining that they had believed their attorney had received it.
 {¶ 6} In September 2004, Oak Hill Bank initiated proceedings to foreclose on the mortgage secured by the land owned by Frasures Chateau Club, Inc., as well as the 4.023 tract owned by the Frasures. The trial court entered a summary judgment in favor of Oak Hill Bank, finding that Frasures Chateau Club, Inc., had defaulted on the mortgage and that the bank had not released the Frasures' tract from the mortgage. The Frasures appealed, and we reversed. In particular, we held that, on its face, the release was valid, binding, and enforceable on its execution and that the evidence before the trial court created a genuine issue of material fact regarding whether Oak Hill Bank had released the 4.023-acre tract from the mortgage. Waddell v. Frasure, Scioto App. No. 05CA3040, 2006-Ohio-6093, at ¶ 17. *Page 4 
 {¶ 7} At a hearing on remand, the Frasures presented the testimony of William Frasure III and Richard Frasure, who each testified that Shump, acting on behalf of the bank, agreed to release the 4.023-acre tract from the mortgage encumbering the rest of the property. The parties filed a transcript of Shump's deposition. Shump testified that he had the authority to execute a mortgage release on Oak Hill Bank's behalf, and he admitted that he had prepared and signed the release for the 4.023-acre tract. Shump contended, however, that the release was ineffective because the bank had not delivered it to the Frasures. Instead, he asserted that he had prepared the release for the convenience of the parties and had left it in the bank's files while awaiting further action by the Frasures.
 {¶ 8} The Frasures submitted a copy of the "Partial Release of Mortgage," which Shump admitted signing on July 29, 1997, a week before William Frasure III conveyed the 4.023-acre tract of real estate to the Frasures. The release shows on its face that Shump and Shaw signed on behalf of the bank and before two witnesses, and a notary public certified that Shump's and Shaw's signing of the Release was their "free act and deed individually and as such officers, duly authorized by [Oak Hill Bank's] Board of Directors[.]" The release expressly acknowledges that it is given by the Bank "for valuable consideration, receipt of which is hereby acknowledged," and states unequivocally that Oak Hill Bank "does hereby release and discharge from the operation of a mortgage deed" the 4.023-acre tract of land, part of the original 200-acre tract of land owned by Frasures Chateau Club, Inc.
 {¶ 9} The trial court found that Oak Hill Bank prepared and executed the release with the intent to release the 4.023-acre tract from the mortgage encumbering it. *Page 5 
Waddell, the assignee of the mortgage from Oak Hill Bank and the purchaser of the larger tract at a foreclosure sale, filed this appeal.[1]
 II. Assignments of Error 1. "The trial court erred in failing to bar the Defendants from raising the affirmative defense of release during the trial of this matter."
 2. "The trial court erred in finding that Defendants proved the existence of a valid release of mortgage by a preponderance of the evidence."
 III. Failure to Plead the Affirmative Defense of Release {¶ 10} In the first assignment of error, Waddell argues that the trial court erred in allowing the Frasures to present evidence that Oak Hill Bank had released the 4.023-acre tract from the mortgage encumbering the rest of the property owned by Frasures Chateau Club, Inc. Waddell contends that, because the Frasures failed to plead the affirmative defense of release in their answer, they waived it. Civ. R. 8(C) provides that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * release * * * and any other matter constituting an avoidance or affirmative defense." Waddell relies onJim's Steak House, Inc. v. City of Cleveland, 81 Ohio St.3d 18, 20,1998-Ohio-440, 688 N.E.2d 506 (plurality) for the proposition that "[a]ffirmative defenses other that those listed in Civ. R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ. R. 8; Civ. R. 15." Although the trial court rejected Waddell's waiver argument on the basis that the issue was sufficiently before the court, *Page 6 
the Frasures did not plead the affirmative defense in their answer or in an amended answer.[2]
 {¶ 11} The Frasures first raised the release as a defense in their memorandum opposing Oak Hill Bank's motion for a summary judgment. Even though the release was squarely before the trial court, nothing in the record shows that Oak Hill Bank argued the waiver theory in support of its motion for a summary judgment prior to the appeal. A party asserting error must call it to the court's attention at the time the error could have been corrected or avoided. See McKimm v. Ohio Elections Comm.,89 Ohio St.3d 139, 149, 2000-Ohio-118, 729 N.E.2d 364 ("In general, `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" (quoting State v.Childs (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus)). Thus, Oak Hill Bank, Waddell's predecessor in interest, should have raised the Frasures' waiver of the affirmative defense at the time that the trial court considered the bank's motion for a summary judgment. However, Oak Hill Bank failed to do so, despite the Frasures' reliance on the release. Instead, Oak Hill Bank attacked the *Page 7 
merits of the Frasures' claim that they held title free and clear of the bank's mortgage by virtue of the release.
 {¶ 12} Nonetheless, the trial court entered a summary judgment in favor of Oak Hill Bank. The Frasures appealed, arguing that the release executed by Oak Hill Bank's officers created a genuine issue of material fact and that the bank was not entitled to a summary judgment. The validity and effectiveness of the release was the only issue before this Court during the prior appeal. Oak Hill Bank could have raised the Frasures' failure to plead the affirmative defense as an additional ground supporting the trial court's summary judgment, as "the appellee may defend the judgment below by raising arguments for its correctness for the first time on appeal." In re Estate of Workman, Lawrence App. No. 07CA39, 2008-Ohio-3351, at fn.2. However, it failed to do so.
 {¶ 13} The law-of-the-case doctrine "precludes a litigant from attempting to rely on arguments at retrial which were fully litigated, or could have been fully litigated, in a first appeal." State ex rel.Danziger v. Yarbrough, 114 Ohio St.3d 261, 264, 2007-Ohio-4009, at ¶ 16, quoting Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404-405, 659 N.E.2d 781. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan, 11 Ohio St.3d 1, 3,462 N.E.2d 410. "The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.'" Acuity, Inc. v. Trimat Constr, Gallia App. No. 07CA2, 2007-Ohio-6894, at ¶ 12, quoting Water Works *Page 8 Supplies, Inc. v. Grooms Construction, Co., Highland App. No. 04CA12,2005-Ohio-1292, at ¶ 12.
 {¶ 14} The law-of-the-case doctrine precluded Waddell from "attempting to rely on new arguments on retrial which could have been pursued in a first appeal * * *." Pipe Fitters Union Local No. 392 v. Kokosing Const.Co., Inc., 81 Ohio St.3d 214, 218, 1998-Ohio-465, 690 N.E.2d 515. Oak Hill Bank did not argue in the prior appeal that the Frasures had waived their affirmative defense by failing to properly plead it in their answer or in an amended answer. Thus, Waddell raised a new argument at trial that could have been raised in the prior appeal, and that argument is now precluded by the law-of-the-case doctrine. See Neiswinter v.Nationwide Mut. Fire Ins. Co., Summit App. No. 23648, 2008-Ohio-37, at ¶ 14 (holding that the appellee's failure to raise an argument in support of the trial court's judgment precludes it from raising that argument on remand and on subsequent appeal). Our prior decision treating the affirmative defense as properly raised and reaching the merits of the effectiveness of the release became the law of the case for all subsequent proceedings in the case. On remand, the sole issue for trial was whether the Frasures could prove the validity of the release. Accordingly, the trial court did not err in considering evidence of the release, and we overrule Waddell's first assignment of error.
 IV. Manifest Weight of the Evidence {¶ 15} In his second assignment of error, Waddell argues that the trial court's finding that Oak Hill Bank had released the mortgage encumbering the 4.023-acre tract is against the manifest weight of the evidence. *Page 9 
 {¶ 16} We must not reverse a trial court's decision as being against the manifest weight of the evidence if some competent, credible evidence supports it. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; Jones v. Jones, Athens App. 07CA25,2008-Ohio-2476, at ¶ 18; Bullion v. Gahm, 164 Ohio App.3d 344,2005-Ohio-5966, 842 N.E.2d 540, at ¶ 14. This standard of review is highly deferential, and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Jones at ¶ 18; Bullion at ¶ 14. Moreover, we presume that the trial court's findings are correct because the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and to use those observations in weighing the credibility of the testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273; Jones at ¶ 18. Thus, even though the Frasures bore the burden to prove the existence of the release by a preponderance of the evidence, a judgment is not against the manifest weight of the evidence if some competent, credible evidence supports it. Jones at ¶ 22; Bullion at ¶ 14.
 {¶ 17} Here, the parties presented the trial court with two competing versions of events. The Frasures put forward evidence that they had gone to Oak Hill Bank to secure a release of the 4.023-acre tract from the mortgage held against the larger property owned by Frasures Chateau Club, Inc. William Frasure III testified that Shump agreed to release the property from the mortgage. Richard Frasure testified that Shump said that there was already enough collateral securing the loan and that the bank had no problem releasing the 4.023-acre-tract from the mortgage. The record suggests that neither William Frasure III nor Richard Frasure received a copy of the release before Oak Hill Bank began foreclosure proceedings. However, both testified that they had *Page 10 
understood that their lawyer was to receive the release, and there is nothing in the record showing that he did not.
 {¶ 18} Waddell relied on Shump's deposition testimony that he had prepared the release for purposes of convenience and had placed it in the file without intending the release to be binding upon the bank until the Frasures took some action, such as paying consideration for it. However, Shump testified that he did not have an independent recollection of the discussions with the Frasures. Instead, he relied upon the contents of his file and the typical procedures for deciding whether to give a partial release of a mortgage to a customer.
 {¶ 19} Finally, the release itself appears in the record. As we held in our prior opinion in this case, "the Release unambiguously releases the four-acre parcel from operation of [Oak Hill] Bank's mortgage on the property[, and,] on its face, the Release was valid, binding, and enforceable as between the parties upon its execution." Waddell v.Frasure, Scioto App. No. 05CA3040, 2006-Ohio-6093, at ¶ 17.
 {¶ 20} The issue before the trial court was whether the parties had intended for the release to be binding at the time the bank prepared it or whether the release had been prepared for convenience but was not intended to be effective before the Frasures took some additional action. This issue turns on the credibility decisions the trial court made in resolving the two competing versions of events. The court chose to credit the evidence presented by the Frasures showing that the parties intended to be bound by the release at the time of its execution. Competent, credible evidence supports that decision. The release unequivocally releases the 4.023-acre tract from the mortgage encumbering the larger parcel. The testimony at trial by William Frasure III and Richard *Page 11 
Frasure shows that the parties intended to be bound by the release at the time of the execution. Accordingly, we cannot say that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 21} For these reasons, we affirm the judgment below.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error II; Concurs in Judgment Only as to Assignment of Error I.
[1] While the prior appeal was pending, Oak Hill Bank assigned its interest in the Frasures' tract of land to Waddell, and Waddell became the real party in interest defending the trial court's summary judgment. Although the Bank moved to substitute Waddell as the plaintiff, the trial court did not enter an order to this effect until after we remanded the case. Waddell did not move to intervene in the appeal, but the same attorney that had represented Oak Hill Bank represents Waddell.
[2] The Frasures argue that the release in this case is not the type of release contemplated by Civ. R. 8(C), arguing that the affirmative defense of release "applies to claims that have been settled." However, "`[a]n affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it. * * * "It admits that the plaintiff has a claim (the `confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the `avoidance')."'" Kraft Constr. Co. v. Cuyahoga Cty. Bd. of Commrs.
(1998), 128 Ohio App.3d 33, 46, 713 N.E.2d 1075, quoting State ex rel.Plain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31, 33,661 N.E.2d 187, quoting in turn 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03. Here, the Frasures admit that the 4.023-acre tract had been encumbered by Oak Hill Bank's mortgage, but they argue that mortgage no longer burdens the property by virtue of the release. Accordingly, their reliance on the release represents an affirmative defense.