**HENRY, Appellee,**

v.

**BANCOHIO NATIONAL BANK OF COLUMBUS, Appellant;**
**Ohio Department of Taxation, Appellee.**

[Cite as *Henry v. BancOhio Natl. Bank of Columbus* (1991), 74 Ohio App.3d 209.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1410.

Decided May 21, 1991.

*Matan & Smith* and *Thomas L. Henderson,* for appellee Sheila Denise Henry.

*Kincaid & Randall* and *Edward F. Chuha,* for appellant.

*Lee I. Fisher,* Attorney General, and *Gregory S. Severance,* for appellee Ohio Department of Taxation.

HOOPER, Judge.

Defendant, BancOhio National Bank of Columbus, appeals the judgment of the Franklin County Court of Common Pleas, which sustained plaintiff's motion and granted summary judgment in favor of plaintiff.

Defendant's assignments of error state:

"I. The lower court erred in holding that O.R.C. § 1337.04 is mandatory given the facts and circumstances present in this case.

"II. The lower court erred in granting summary judgment in plaintiff-appellee's favor given the statements in the pleadings and affidavit filed in the record."

For the reasons stated hereafter, we find the assignments of error to be well taken.

This case arises from a series of transactions originating in August 1987 when plaintiff's predecessor-in-interest, David W. Henry, obtained a mortgage loan from defendant. The mortgage was filed of record with the Franklin County Recorder and the mortgage was signed, "David W. Henry, P.O.A." It is undisputed that plaintiff, Sheila Denise Henry, was the person actually signing the note and mortgage deed pursuant to a valid power of attorney. It is not contested that the durable power of attorney was not filed of record in Franklin County.

Subsequent to the recording of the mortgage, plaintiff married David W. Henry, and Mr. Henry executed a survivorship deed to himself and plaintiff. Mr. Henry died on March 5, 1990, and plaintiff became the sole owner of the real estate in question.

It is not disputed that plaintiff was involved in all phases of obtaining the loan in question by filling out the loan applications and executing the necessary documents including the note and mortgage deed pursuant to the power of attorney. Subsequent to these transactions, plaintiff sought to have the trial court hold that the mortgage was invalid because the power of attorney was not recorded prior to the execution of the mortgage on the property as specified in R.C. 1337.04.

The trial court on motion for summary judgment upheld that argument, holding that R.C. 1337.04 was mandatory and, regardless of the circumstances, the court was required to follow the statute.

■ Summary judgment when granted pursuant to Civ.R. 56(C) requires that the evidence must be viewed most strongly in favor of the party against whom the motion is directed. It further must show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law.

As stated previously, the trial court found that the language of R.C. 1337.04 was mandatory, stating: "* * * [A] power of Attorney *must be recorded* previous to the recording of a mortgage. Such language leaves no room for an inquiry [into] legislative intent or an application of the doctrine of estoppel." (Emphasis original.)

 However, the record below indicates that the mortgage, the subject of this proceeding, was executed pursuant to a previously valid power of attorney and, most important, the mortgage was executed by the party who seeks to have the title quieted in her favor. It is significant to note that there are no third parties involved, nor bona fide purchasers or other parties who would be affected by the failure to record the power of attorney. There is no question that the statute would be mandatory as it would obtain to third parties not privy to the proceedings since the primary purpose of the recording statute is to provide notice to third parties of the utilization of a power of attorney in the execution of a lien on the premises. Obviously, the need for notice is not required when the party seeking to invoke the sanctions implied from R.C. 1337.04 is the sole beneficiary of the protections afforded by that statute. Although R.C. 1337.04 previously cited and found to be mandatory by the trial court is relied upon by the plaintiff, there is no question that the mortgage in this case was for the sole benefit of the plaintiff. *As between the parties*, the mortgage is valid and enforceable. The recording statute, R.C. 1337.04, was not enacted for the benefit of mortgagors, but for the protection of third persons who might acquire legal interests in the property. *Fosdick v. Barr* (1854), 3 Ohio St. 471; *Van Thorniley v. Peters* (1875), 26 Ohio St. 471.

Accordingly, we find that the trial court erred in holding that R.C. 1337.04 was mandatory as to all persons, and further that the principles of equity apply given the facts and circumstances present in this case.

Defendant's first assignment of error is well taken.

 Defendant cites as its second assignment of error that the trial court erred in granting summary judgment, given the statements in the pleadings and the affidavits filed in the record. As previously stated, the trial court found that R.C. 1337.04 was mandatory and, therefore, did not consider defendant's assertions of equitable principles. The affidavits filed in support of and contra to the motion for summary judgment clearly show that no third parties were involved in the transaction which is the subject of this action and, therefore, genuine issues of material fact remain for the trier of fact when applying the equitable principles referred to previously.

Defendant's second assignment of error is well taken.

Accordingly, defendant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded with instructions to consider the equitable issues raised by defendant.

*Judgment reversed*
*and cause remanded.*

McCormac and Peggy Bryant, JJ., concur.

James J. Hooper, J., retired, of the Miami County Court of Common Pleas, was assigned to active duty under Section 6(C), Article IV, Ohio Constitution.