[Cite as *U.S. Bank Natl. Assn. v. Harper*, 2022-Ohio-1080.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE UNDER POOLING AND
SERVICING AGREEMENT DATED AS
OF SEPTEMBER 1, 2006 MASTR ASSET-
BACKED SECURITIES TRUST 2006-NC2
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-NC2

    Appellee

    v.

JERRY L. HARPER, et al.

    Appellants

C.A. No.     21CA011771

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CV195663

DECISION AND JOURNAL ENTRY

Dated: March 31, 2022

HENSAL, Judge.

{¶1}    Jerry and Megan Harper appeal a judgment of the Lorain County Court of Common Pleas that denied their motion to dismiss and granted summary judgment to U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement dated as of September 1, 2006 MASTR Asset-Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2 ("U.S. Bank") in its foreclosure action. For the following reasons, this Court affirms.

I.

{¶2}    In 2006, Mrs. Harper signed a note and both Harpers signed a mortgage regarding a property they owned. According to U.S. Bank, the note and mortgage were later transferred to it and, in 2012, Mrs. Harper defaulted on the note. After Mrs. Harper did not cure the default, U.S.

Bank initiated a series of foreclosure cases against her, including this action in 2018. The trial court previously granted summary judgment to U.S. Bank, but this Court reversed because the trial court granted the motion before allowing the Harpers to respond to additional materials U.S. Bank submitted after its initial filing. On remand, U.S. Bank moved for summary judgment again. The Harpers opposed the motion, but the trial court granted it, concluding that U.S. Bank had established that there was no genuine issue of material fact that Mrs. Harper defaulted on the note and that U.S. Bank was entitled to foreclose on the mortgage. The Harpers have appealed, assigning four errors.

## II.

### ASSIGNMENT OF ERROR I

THE LOWER COURT ERRED WHEN IT IGNORED UCC REQUIREMENTS GOVERNING APPELLANTS['] LAWFUL NOTICES AND MULTIPLE ATTEMPTS TO "PAY THE DEBT IN FULL" TO WHICH APPELLEES IGNORED AND FAILED TO RESPOND IN GRANTING SUMMARY JUDGMENT TO APPELLEES.

{¶3} In their first assignment of error, the Harpers argue that the trial court incorrectly granted summary judgment to U.S. Bank. Under Civil Rule 56(C), summary judgment is appropriate if:

[n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant

satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶4} According to the Harpers, U.S Bank was not entitled to foreclose on their property because they offered to pay the debt in full, which placed an obligation on U.S. Bank to validate the debt and prove that it possessed standing to enforce the note and mortgage. They also argue that U.S. Bank admitted in a letter that it did not possess the original note and mortgage. They further argue that the trial court did not adhere to the Uniform Commercial Code ("UCC") and applied a double standard regarding whether its provisions applied. The Harpers also contend that any right U.S. Bank had to foreclose on the property is void because it does not have sufficient proof of its claim, it failed to comply with its obligations under the UCC, and it refused to respond to their offers to pay the total amount due.

{¶5} "To succeed in a foreclosure action, a plaintiff must present evidence showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Wells Fargo Bank, NA v. Russell*, 9th Dist. Summit No. 29005, 2019-Ohio-776, ¶ 25. The Harpers' arguments appear to relate to some of those prongs. Although they make some general allegations about U.S. Bank and the trial court failing to adhere to the UCC, they have not pointed to any specific sections of the Ohio Revised Code that were not followed. They also have not directed this Court to any evidence in the record that supports their allegation that they made offers to pay the outstanding debt or that U.S. Bank admitted it does not possess the original note and mortgage. Under Appellate Rule 16(A)(7), the Harpers' brief is required to contain "citations

to the authorities, statutes, and parts of the record on which [they] rel[y]." It is their "burden of demonstrating error on appeal." *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7. Upon review of the Harpers' arguments, they have failed to establish that the trial court incorrectly granted summary judgment to U.S. Bank. The Harpers' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE LOWER COURT ERRED IN IGNORING APPELLANTS['] SUBMITTED ISSUES OF MATERIAL FACTS TO APPELLEE'S DOCUMENTS BASED UPON THE 5 CONDITIONS NECESSARY FOR A FORECLOSURE.

{¶6} In their second assignment of error, the Harpers challenge whether U.S. Bank presented sufficient evidence to succeed in their foreclosure action. The Harpers note that they challenged whether the documents presented by U.S. Bank were authentic or accurate. They also argue that the trial court should have compelled U.S. Bank to produce the documents they requested, that the court demonstrated prejudice by ignoring the issues of material fact, and that U.S. Bank did not satisfy any of the five requirements to succeed on their claim.

{¶7} Regarding the production of documents, on August 29, 2018, the Harpers filed a motion demanding admissions and production of documents. A review of the motion reveals that it is a request for admissions, a request to produce certain documents, and it contains interrogatories to U.S. Bank. To the extent that U.S. Bank did not comply with the Harpers' discovery requests, we note that the Harpers did not file a motion to compel under Civil Rule 37. Accordingly, we cannot say that the trial court erred when it determined the motion for summary judgment even though U.S. Bank allegedly had not fully complied with the Harpers' discovery requests.

**{¶8}** As previously noted, U.S. Bank had to meet five requirements to succeed in its foreclosure action. Regarding whether it is the holder of the note and mortgage or otherwise entitled to enforce them, U.S. Bank presented evidence with its complaint and motion for summary judgment that it was the holder of the note, which was indorsed in blank, but which also had been specifically indorsed to it through an attached allonge. Even if an agent of the holder is in physical possession of the note, as is the case here, "the holder may still enforce the note based upon constructive possession of the note." *Fed. Natl. Mtge. Assoc. v. McFerren*, 9th Dist. Summit No. 28814, 2018-Ohio-5319, ¶ 21. U.S. Bank also presented evidence that it had been assigned the mortgage from the original mortgagor. Although the Harpers challenge whether the assignment was valid, they do not have standing to challenge it. *Bayview Loan Servicing, L.L.C. v. Big Blue Capital Partners, L.L.C.*, 9th Dist. Summit No. 27790, 2016-Ohio-3433, ¶ 13. In addition, the trial court correctly recognized that, even if there was a defect in the assignment of the mortgage, "the physical transfer of a promissory note, which the mortgage secures, amounts to the equitable assignment of the mortgage." *Cent. Mtge. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶ 10. Upon review of the record, we conclude that U.S. Bank established there is no genuine issue of material fact that it is the holder of the note and mortgage.

**{¶9}** Regarding the chain of assignments and transfers, the Harpers argue that there are errors or omissions in the documents submitted by U.S. Bank and that some of the documents appear to be fabricated or altered. Specifically, they argue that the assignment of the mortgage is dated two years after U.S. Bank previously claimed it occurred. They also argue that the allonge to the note provides that it was sold instead of assigned to U.S. Bank. They also argue that none of the affidavits submitted by U.S. Bank attest to the validity, truth or accuracy of the allonge and

mortgage assignment. The Harpers further argue that, even if they do not have standing to challenge the assignments, U.S. Bank had the initial obligation to establish the chain of title.

{¶10} The allonge contains the words "[p]ay to the order of" but that does not indicate that the note had been sold and there is no other "sale" language, contrary to the Harpers' assertion. Even if the note was sold to U.S. Bank, however, that does not affect its enforceability. *See* R.C. 1303.25(A) ("An instrument, when specially indorsed, becomes payable to the identified person[.]"). Likewise, the Harpers have not established that the mortgage is unenforceable just because U.S. Bank previously was mistaken about when it was transferred. Regarding the validity, truth, or accuracy of the allonge and assignment, the trial court determined that the affidavit of loan analyst Sally Torres authenticated the documents, which the Harpers have not contested. They also have not identified any material defects with the documents.

{¶11} The Harpers have made their arguments about the remaining three foreclosure requirements together. They argue that U.S. Bank has submitted different amounts as to how much they allegedly owe and has not verified any of the amounts, even though they requested that U.S. Bank do so. The Harpers argue that U.S. Bank failed to respond to its multiple demands to validate the debt and that the trial court incorrectly wrote that they have not disputed the debt. They further argue that mere assertions by U.S. Bank's counsel are not evidence.

{¶12} With its motion for summary judgment, U.S. Bank submitted Mrs. Harper's payment history from 2010 to the time of the motion. Ms. Torres averred that the payment history was a true and accurate copy of that history. Those documents are sufficient to satisfy U.S. Bank's initial burden under Rule 56(C). Although the Harpers may have challenged the amount that they owed at various points in the proceedings, in their opposition to the motion for summary judgment they argued that the payment history was not properly verified and they argued that U.S. Bank

failed to comply with their discovery requests. They did not present any evidence that challenged the accuracy of U.S. Bank's account history and they did not move for a continuance under Rule 56(F) so that they could compel production of the discovery they had requested. Accordingly, upon review of the record, we conclude that the trial court correctly determined that U.S. Bank met all five prerequisites in order to foreclose on the Harpers' property. The Harpers' second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE LOWER COURT ERRED IN ACCEPTING INITIAL FORECLOSURE COMPLAINTS WITHOUT A VALID AND SUFFICIENT AFFIDAVIT AND ACCEPTING LATE AFFIDAVITS JUST PRIOR TO SUMMARY JUDGMENT WHICH JUDGE RELIED UPON FOR ITS DECISION.

{¶13} In their third assignment of error, the Harpers raise a plethora of challenges to the affidavits submitted by U.S. Bank. They argue that U.S. Bank did not attach an affidavit to its complaint in this case or in any of the prior foreclosure actions it brought against them. They also challenge an affidavit that U.S. Bank attached to its prior motion for summary judgment. They challenge a supplemental affidavit that U.S. Bank submitted just before the trial court ruled on its prior motion for summary judgment and argue that U.S. Bank has once again improperly submitted a late affidavit in support of its most recent motion for summary judgment.

{¶14} Regarding the affidavit of Ms. Torres, the Harpers argue that it says merely the same thing as the other affidavits U.S. Bank submitted. They argue that it does not address the sale of the note and mortgage to U.S. Bank or the chain of custody of those documents. They also argue that it does not clarify whether the note was sold or assigned, whether the documents were transferred to another company before being transferred to U.S. Bank, when or how Ms. Torres viewed the note and mortgage, or the exact nature of her alleged personal knowledge. According to the Harpers, the trial court should have granted their motion to strike Ms. Torres's affidavit or

have been allowed to cross-examine her. They also argue that the trial court failed to consider the unrebutted affidavits they submitted to the court throughout the case.

{¶15} Any documents that were filed in prior foreclosure actions brought by U.S. Bank are not before this Court and are not material to this appeal. It is also not material if prior affidavits submitted by U.S. Bank do not establish that it is entitled to judgment as a matter of law because U.S. Bank did not rely on them in its most recent motion for summary judgment. Instead, U.S. Bank relied on the affidavit of Ms. Torres, including the documents she incorporated into her affidavit.

{¶16} According to Ms. Torres's affidavit, she is a loan analyst for Ocwen Financial Corp., which is a subsidiary of PHH Mortgage Corp. PHH is the servicer for U.S. Bank, including the Harpers' loan. As a loan analyst, her duties include accessing and reviewing PHH's business records, including the records relating to the Harpers' loans. Ms. Torres averred that she has personal knowledge of PHH's methods for maintaining records and has personally reviewed its business records pertaining to the Harpers' loan, including the note, mortgage, assignment, limited power of attorney, loan modification, notice of default, and the Harpers' payment history. According to Ms. Torres, a true and accurate copy of each of those documents was attached as exhibits. She also averred that the servicers of the loan or U.S. Bank's attorneys have been in physical possession of the note since June 2013. She further averred that the loan is in default because it has not been paid since July 2012, that a notice of default was sent to the Harpers, and that the unpaid balance on the loan is $85,713.09 plus interest at 2.00% a year plus a deferred principal balance of $33,964.50, late charges and any amounts advanced for real estate taxes, insurance premiums, and other costs and expenses allowed by law.

**{¶17}** The Harpers have not identified any specific defects in Ms. Torres's affidavit. Although they claim it is like prior affidavits submitted by U.S. Bank, they have not identified any defects in any of those affidavits either. The reason this Court reversed the trial court's prior entry of summary judgment for U.S. Bank was because the court did not give the Harpers adequate time to respond to an additional affidavit filed by U.S. Bank, not because the affidavits submitted were deficient. *U.S. Bank N.A. as Trustee under Pooling and Servicing Agreement dated as of September 1, 2006 MASTR Asset-Backed Securities Trust 2006-NC2 Mtge. Pass-Through Certificates, Series 2006-NC2 v. Harper*, 9th Dist. Lorain No. 19CA011499, 2020-Ohio-4674, ¶ 29. This Court did note that one of the affidavits filed by U.S. Bank did not reference the allonge or the assignment of the mortgage, but Ms. Torres's affidavit does reference both documents.

**{¶18}** Regarding the Harpers' other arguments, whether the note was sold or merely assigned to U.S. Bank and the exact nature of Ms. Torres's personal knowledge of the loan documents are not material facts. The Harpers have not identified any evidence in the record that suggests that the note and mortgage were transferred to a company other than U.S. Bank. The Harpers have not developed an argument explaining why the court should have struck Ms. Torres's affidavit. To the extent that the Harpers allege that they were not permitted sufficient discovery, they did not move to compel a response to any of their discovery requests and there is no indication that they attempted to schedule any depositions with an employee or agent of U.S. Bank. Finally, the Harpers have not identified any statements in any affidavits that they filed that create any genuine issues of material fact. The Harpers' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**THE LOWER COURT ERRED WHEN IT DENIED HARPERS['] REQUESTED HEARING AND THE DEPOSITION OF OCWEN EMPLOYEES.**

**{¶19}** In their fourth assignment of error, the Harpers argue that they were denied the right to have their case heard in open court because the trial court refused to hold any hearings for them to argue the merits of their defenses, call witnesses, or cross-examine the individuals who claim to have personal first-hand knowledge of the facts. They argue that this demonstrates that the trial court was biased and that they were denied the right to a fair trial.

**{¶20}** A trial court "is not required to hold an oral hearing on a motion for summary judgment and may instead consider the memoranda and evidentiary materials submitted by the parties." *Bank of New York v. Brunson*, 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 9. Regarding judicial bias, it is "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5. "[D]isagreement with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 48. "Nor is disagreement with the outcome of the case proof of bias to demonstrate a due process violation." *Id*.

**{¶21}** The Harpers' only alleged evidence of judicial bias was the trial court's failure to hold any hearings where they could argue the merits of their case. The Harpers, however, were

not entitled to an oral hearing on U.S. Bank's motion for summary judgment and they were not denied the ability to submit any evidence that they had acquired with their opposition to the motion. There is no indication that the trial court failed to consider any evidence that the Harpers submitted in their opposition to U.S. Bank's motion for summary judgment or that it favored U.S. Bank. The Harpers' fourth assignment of error is overruled.

## III.

{¶22} The Harpers' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P.J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JERRY and MEGAN HARPER, pro se, Appellants.

MELANY KOTLAREK FONTANAZZA, Atorney at Law, for Appellee.