[Cite as *Equity Trust Co. v. Nickolich*, 2022-Ohio-2256.]

STATE OF OHIO      )           IN THE COURT OF APPEALS
                      )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

EQUITY TRUST COMPANY          C.A. No.     29933
CUSTODIAN FBO ACCOUNT
#200357328 IRA

       Appellee               APPEAL FROM JUDGMENT
                              ENTERED IN THE
      v.                     COURT OF COMMON PLEAS
                              COUNTY OF SUMMIT, OHIO
JEFF NICKOLICH, et al.         CASE No.    CV-2019-02-0807

       Appellant

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

TEODOSIO, Judge.

{¶1} Jeffrey Nickolich appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Equity Trust Company Custodian FBO Account #200357328 IRA ("Equity Trust"). We reverse and remand.

I.

{¶2} In August 2011, Mr. Nickolich entered into a land contract with Harbour Portfolio VII, LP, for property located in Akron, Ohio. A purchase money note was executed and secured by an agreement for deed on the subject property. The land contract and deed were subsequently transferred from Harbour Portfolio VII, LP, to Park Street Group, LLC. Further transfers were made from Park Street Group, LLC, to Kirkland Financial LLC, and finally to Equity Trust.

{¶3} In 2019, Equity Trust filed its complaint of foreclosure against Mr. Nickolich, alleging that he had defaulted under the terms of the contract. Equity Trust filed a motion for

summary judgment, which was opposed by Mr. Nickolich who raised arguments questioning Equity Trust's ownership interest in the subject property. In February 2021, the trial court granted summary judgment in favor of Equity Trust. Mr. Nickolich now appeals, raising three assignments of error.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF HAD MET ITS BURDEN FOR SUMMARY JUDGMENT BY CLEAR AND CONVINCING EVIDENCE, IN VIOLATION OF THE DEFENDANT/APPELLANT'S RIGHT TO DUE PROCESS.

**{¶4}** In his first assignment of error, Mr. Nickolich argues the trial court erred in granting summary judgment because it failed to require the plaintiff to present proof of compliance with R.C. 1337.04, and that consequently, the transfer of the quit claim deed from Harbour Portfolio VII, LP, to Park Street Group, LLC, was invalid because power of attorney to convey the property was never recorded.

**{¶5}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must

be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} In response to Equity Trust's motion for summary judgment, Mr. Nickolich argued that Equity Trust had no valid ownership in the subject property and land contract because an invalid transfer of title occurred between Harbour Portfolio VII, LP and Park Street Group, predecessors in interest. Relying upon *Bayview Loan Servicing, L.L.C. v. Big Blue Capital Partners, L.L.C.*, 9th Dist. Summit No. 27790, 2016-Ohio-3433, the trial court concluded that Mr. Nickolich was not a party to the assignment of the land contract or quit claim deed, and therefore, he had no standing to contest the validity of the assignment or deed transfer.

{¶8} This Court has previously held that the defendant in a foreclosure case, who was a nonparty to the mortgage assignments, lacked standing to challenge the mortgage assignments. *U.S. Bank N.A. v. Harper*, 9th Dist. Lorain No. 21CA011771, 2022-Ohio-1080, ¶ 8, citing *Bayview*

*Loan Servicing, L.L.C. v. Big Blue Capital Partners, L.L.C.*, 9th Dist. Summit No. 27790, 2016-Ohio-3433, ¶ 13, citing *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP–536, 2013–Ohio–1636, ¶ 16, 19, citing *Trust Series 2008–1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP–757, 2012–Ohio–4499, ¶ 28-29.

{¶9} In the case sub judice, there is no mortgage assignment at issue, rather it is the transfer of the property deed that is being questioned. A land contract is fundamentally different from a mortgage because the vendor of a land contract retains title as security for the vendee's obligation, R.C. 5313.01(A), while under a mortgage, title remains with the mortgagor-borrower until the mortgagee forecloses and a sale is completed or the mortgagee otherwise extinguishes the right of the mortgagor to redeem. *Hausman v. Dayton*, 73 Ohio St.3d 671, 676 (1995), citing *Levin v. Carney*, 161 Ohio St. 513 (1954), paragraph three of the syllabus. [F]orfeiture of the interest of a vendee in default under a land installment contract shall be initiated by the vendor or by his successor in interest * * *." R.C. 5313.06.

{¶10} We have been presented with no argument or caselaw that would persuade us that we should paint these two distinct situations with the same broad stroke or expand *Bayview*'s holding to encompass deed transfers. We therefore conclude that because *Bayview* did not concern the issue of a deed transfer, the trial court erred in determining that Mr. Nickolich did not have standing to challenge whether Equity Trust had title to the subject property and was a successor in interest to the land contract with standing to initiate the action.

{¶11} Mr. Nickolich's first assignment of error is therefore sustained.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR THE PLAINTIFF BECAUSE THERE IS NO EVIDENCE THAT ANY POWER OF ATTORNEY WAS RECORDED IN SUMMIT COUNTY PRIOR TO THE EXECUTION AND RECORDING OF THAT DOCUMENT PRIOR TO

RECORDING THE DEED AND ASSIGNMENT OF LAND CONTRACT, AS REQUIRED BY R.C. 1337.04.

{¶12} In his second assignment of error, Mr. Nickolich argues the trial court erred by effectively abrogating the plain language of R.C. 1337.04 in granting summary judgment. Mr. Nickolich contends that the plain language of R.C. 1337.04 requires that power of attorney must be recorded prior to the recording of a deed, mortgage, or lease by virtue of such power of attorney, and that the absence of the recording of the power of attorney renders the subsequent transfer invalid. Equity Trust did not provide evidence of the recording of power of attorney for Chris Cobb, the attorney-in-fact for Harbour Portfolio VII, LP, who recorded the assignment of the contract and deed from Harbour Portfolio VII, LP, to Park Street Group, LLC.

{¶13} R.C. 1337.04 provides: "A power of attorney for the conveyance, mortgage, or lease of an interest in real property must be recorded in the office of the county recorder of the county in which such property is situated, previous to the recording of a deed, mortgage, or lease by virtue of such power of attorney."

{¶14} In its judgment entry, the trial court determined that even if Mr. Nickolich had standing to raise an argument as to the validity of the assignment, he had presented no evidence that Chris Cobb lacked authority to act on behalf of Harbour and the fact that the power of attorney was not filed in accordance with R.C. 1337.04 did not automatically render the transfer invalid. The trial court quoted at length from the Eighth District Court of Appeals in *Wells Fargo Bank, N.A. v. Todt*, 8th Dist. Cuyahoga No. 95558, 2011-Ohio-1376, which in turn relied upon *Henry v. BancOhio Natl. Bank of Columbus*, 74 Ohio App.3d 209 (10th Dist.1991), from the Tenth District Court of Appeals:

> The only modern Ohio state case that offers guidance is *Henry v. BancOhio Natl. Bank of Columbus* (1991), 74 Ohio App.3d 209, 212, 598 N.E.2d 766. In this case, the Tenth District held that "[t]here is no question that the statute would be

mandatory as it would obtain to third parties not privy to the proceedings since the primary purpose of the recording statute is to provide notice to third parties of the utilization of a power of attorney in the execution of a lien on the premises. Obviously, the need for notice is not required when the party seeking to invoke the sanctions implied from R.C. 1337.04 is the sole beneficiary of the protections afforded by that statute. Although R.C. 1337.04 previously cited and found to be mandatory by the trial court is relied upon by the plaintiff, there is no question that the mortgage in this case was for the sole benefit of the plaintiff. *As between the parties*, the mortgage is valid and enforceable. The recording statute, R.C. 1337.04, was not enacted for the benefit of mortgagors, but for the protection of third persons who might acquire legal interests in the property. (Emphasis sic.) *Fosdick v. Barr* (1854), 3 Ohio St. 471; *Van Thorniley v. Peters* (1875), 26 Ohio St. 471."

*Wells Fargo*, 2011-Ohio-1376, at ¶ 9.

**{¶15}** We find *Henry* to be inherently distinguishable from the case sub judice, and particularly in light of our discussion above regarding standing, we do not find it applicable to the facts of the current case. In *Henry*, the plaintiff's predecessor-in-interest, David W. Henry, obtained a mortgage loan from BancOhio. *Henry* at 211. It was undisputed that it was the plaintiff who actually signed the note and mortgage deed pursuant to a valid power of attorney. *Id.* The power of attorney was not recorded, however. *Id.* Plaintiff subsequently married Mr. Henry and became sole owner of the real estate upon his death. In response to a motion for summary judgment by BancOhio, the plaintiff sought to have the mortgage declared invalid because the power of attorney was not recorded as required by R.C. 1337.04. *Id.* The trial court concluded that the language of R.C. 1337.04 was mandatory and granted summary judgment in favor of the plaintiff. *Id.*

**{¶16}** Upon review, the Tenth District reversed, concluding that although the power of attorney had not been recorded, the mortgage was executed pursuant to a valid power of attorney. *Id.* at 212. Moreover, it was under the plaintiff's power of attorney that the mortgage was executed, and she sought to invalidate the mortgage because of the failure to record the power of attorney that she herself held. *Id.*

{¶17} Unlike *Henry*, the case now before us for review does not concern the power of attorney to execute a mortgage, but rather, the power of attorney for the transfer of title. In *Henry*, it was significant that the plaintiff was a party to the mortgage execution that she herself was challenging for being improperly recorded. As repeatedly noted in the arguments as to standing under the first assignment of error, Mr. Nickolich was not a party to the assignment of the land contract. We find this distinguishing fact to be crucial, because unlike the plaintiff in *Henry*, who was privy to the transaction in question (i.e., the execution of the mortgage), Mr. Nickolich was not privy to the transaction in question (i.e., the assignment of the land contract).

{¶18} We conclude that *Todt* and *Henry* are distinguishable from the case sub judice, and were not dispositive of the issues before the trial court on the motion for summary judgment. Mr. Nickolich, as the nonmoving party, met his reciprocal burden by showing that there was a genuine issue for trial regarding whether Equity Trust was the holder of title to the subject property and successor in interest to the land contract.

{¶19} Mr. Nickolich's second assignment of error is sustained.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE NOTE.

{¶20} In his third assignment of error, Mr. Nickolich argues the trial court failed to consider his argument that the promissory note was a nullity because it failed for lack of consideration. Because of our resolution of the first two assignments of error, this argument is itself a nullity, and we therefore decline to consider the third assignment of error. Moreover, at oral argument Mr. Nickolich stated that this argument was moot because of Equity Trust's statement in its brief to this Court that it was not pursuing a money judgment against Mr. Nickolich.

III.

**{¶21}** Mr. Nickolich's first and second assignments of error are sustained. We decline to consider the third assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶22}  I respectfully dissent from the judgment of the majority.  Even if I were to agree that Mr. Nickolich possessed standing to challenge the assignment, I disagree that any failure to comply with R.C. 1337.04 would render the transfer invalid.  "The recording statute, R.C. 1337.04, was not enacted for the benefit of mortgagors, but for the protection of third persons who might acquire legal interests in the property."  *Bank of New York Mellon v. Workman,* 11th Dist. Lake No. 2019-L-134, 2020-Ohio-3330, ¶ 41.

APPEARANCES:

WILLIAM C. BEHRENS and MARC E. DANN, Attorneys at Law, for Appellant.

ETHAN HILL, SUSAN B. KLINEMAN, and D. ANTHONY SOTTILE, Attorneys at Law, for Appellee.